(104 So. 720)

No. 27141.

## STATE v. COLE.

(April 27, 1925.  Rehearing Denied May 25, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Homicide ⬅312—Verdict need not state that cutting with intent to kill done with a dangerous instrument, when it identifies offense found to have been committed with offense charged in indictment.**

The rule that, where accused is prosecuted for cutting with intent to kill or murder, state must allege that injury was inflicted with dangerous weapon does not apply to verdict, when verdict, with reasonable certainty, identifies offense found to have been committed with offense charged in indictment.

2. **Criminal law ⬅875(3)—Verdict not annulled for use of inartificial words, where they reasonably convey idea intended.**

A verdict will not be annulled because inartificial expressions are employed in framing it, if words used therein reasonably convey idea intended.

3. **Criminal law ⬅881(2)—Verdict of guilty of cutting with intent to kill, "as charged," held responsive to charge.**

Verdict need not follow exact language of indictment, but must be read in connection with indictment, and as so read a verdict finding defendant guilty of cutting with an axe with intent to kill, "as charged," was responsive to charge, though not stating that act was done with a dangerous weapon.

4. **Criminal law ⬅1159(2)—Jury sole judge of facts in criminal cases.**

Jury is sole judge of facts in criminal cases, and, where any evidence is offered to support averments of indictment, Supreme Court must accept jury's findings as proven facts.

5. **Homicide ⬅141(1)—Indictment held sufficient to support verdict of cutting with an axe.**

Indictment charging that defendant "did cut, thrust, and stab another with a dangerous weapon, to wit, an axe," was sufficient to support verdict of "cutting with an axe."

6. **Constitutional law ⬅265—Indictment and information ⬅110(17), 189(3)—Indictment following language of statute sufficient, and verdict finding defendant guilty of lesser offense, but of same generic class, proper.**

An indictment charging cutting with an axe with intent to kill and murder, which followed language of statute, and charged commission of crime denounced by Rev. St. § 791, as amended by Act No. 43 of 1890, was sufficient, and verdict convicting defendant of violation of Act No. 44 of 1890, a lesser offense than that charged in indictment, but of same generic class, was proper, and did not deprive defendant of his liberty without due process of law in violation of Const. 1921, art. 1, § 2.

Appeal from Fourteenth Judicial District Court, Parish of Jefferson Davis; Thos. F. Porter, Judge.

Philogene Cole was convicted of cutting with an axe with intent to kill, and appeals. Affirmed.

Thomas Arthur Edwards, of Lake Charles, for appellant.

Percy Saint, Atty. Gen., John J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles, and Percy T. Ogden, Asst. Atty. Gen. (J. Bernard Cocke, of New Orleans, of counsel), for the State.

BRUNOT, J.  The appellant was indicted conformably to the provisions of section 791, Revised Statutes, as amended by Act 43 of 1890, but he was prosecuted, convicted, and sentenced for the offense denounced by Act 44 of 1890, a lesser offense than that charged in the indictment, but of the same generic class. From the verdict and sentence he has appealed.

There is an agreed statement of facts in

the record correcting certain errors in the transcript, and two bills of exception were reserved to the trial court's rulings. One was reserved to the overruling of a motion for a new trial and the other to the overruling of a motion in arrest of judgment.

The grounds urged in the motion for a new trial are as follows:

"The verdict of the jury is contrary to the law and the evidence (a) because it is not responsive to the charge, in that said verdict does not state that the act was done with a dangerous weapon; (b) because the evidence shows that the prosecuting witness was struck and not cut with an axe, and the indictment shows and charges he was cut with a dangerous weapon, viz. an axe; (c) that said indictment is insufficient to support a verdict of cutting with an axe."

The charge in the indictment is as follows:

"Did unlawfully, willfully and feloniously cut, thrust and stab one Joe La Rosse with a dangerous weapon, to wit, an axe, with intent, willfully and feloniously, and of his malice aforethought him the said Joe La Rosse, then and there, to kill and murder."

The indictment is not attacked. The attack is made upon the verdict of the jury, which was rendered in the following words:

"We, the jury, find the defendant guilty of cutting with an axe with intent to kill, as charged."

In support of the contention that the verdict is not responsive to the charge, appellant cites State v. Washington, 107 La. 298, 31 So. 638, and State v. Bellard, 50 La. Ann. 594–596, 23 So. 504, 69 Am. St. Rep. 461. These cases, and others of similar import, hold that, in a prosecution under section 791, Rev. Statutes, or Act 44 of 1890, a verdict in the words, "Guilty with intent to kill" or "Guilty of striking with intent to kill," is not responsive to the charge, because the return of a jury in a criminal case should, with reasonable certainty, identify the offense found to have been committed with the statute under which the accused is prosecuted.

[1, 2] It is an element of the crime denounced by the statutes which define and fix penalties for shooting, stabbing, cutting, or thrusting a person, with intent to murder or to kill, that the act be done "with a dangerous weapon." This court, however, has distinguished a charge of shooting from one of stabbing, cutting, or thrusting, but it has consistently held, where the accused is prosecuted for stabbing, cutting, or thrusting with intent to kill or murder, the state must allege that the injury was inflicted "with a dangerous weapon." The rule does not apply to the verdict when the verdict, with reasonable certainty, identifies the offense found to have been committed with the offense charged in the indictment or information. In many cases, notably State v. Howard, 34 La. Ann. 370, State v. Adam, 31 La. Ann. 717, State v. Anderson, 45 La. Ann. 651, 12 So. 737, it is held that a verdict in the words "Guilty as charged" is a responsive verdict, and with like consistency this court has adhered to the rule that a verdict will not be annulled because inartificial expressions or words are employed in framing it, if the words or terms used therein reasonably convey the idea intended. State v. Ross, 32 La. Ann. 854; State v. Wilson, 40 La. Ann. 751, 5 So. 52, 1 L. R. A. 795; State v. Keasley, 50 La. Ann. 761, 23 So. 900.

[3] We know of no law, and counsel has cited none, requiring that the verdict should follow the exact language of the indictment. Verdicts must be read in connection with the indictment, and, when the verdict in the case before us is so read, the concluding words thereof, viz. "as charged," supply, by reference, the omission from the verdict of the descriptive matter in the charge.

Defendant contends that the verdict is contrary to the evidence because he struck, but did not cut, his victim. The trial judge in his per curiam says:

"The prosecuting witness was cut or struck on the head with the back or head of the axe,

the blow knocking a hole in the man's head about the size of the axe, breaking the skull, cutting and lacerating the scalp, so that the wound bled profusely. * * * The evidence showed conclusively that the axe made its way through both scalp and skull of the prosecuting witness, causing loss of considerable blood, some skull and some brain. * * * The longer edges of the head of the axe in question were fairly sharp, and quite capable of making a fairly smooth and evenly cut wound."

[4] In criminal cases the jury is the sole judge of the facts. Where any evidence is offered to support the averments of the indictment or information, this court must accept the jury's findings as proven facts.

[5] The indictment charges that the defendant "did unlawfully, willfully and feloniously cut, thrust, and stab Joe La Rosse with a dangerous weapon, to wit, an axe." We think this quotation from the indictment is alone sufficient to adversely dispose of defendant's contention that "the indictment is insufficient to support a verdict of cutting with an axe."

The motion in arrest of judgment alleges that the indictment does not charge the defendant with a crime under the laws of this state; that the verdict of the jury does not convict defendant of any crime, and the verdict is not responsive to the charge; and that the verdict deprives defendant of his liberty without due process of law in violation of article 1, § 2, of the Constitution of 1921.

[6] The indictment follows the language of the statute, and charges the commission of the crime denounced by section 791, R. S. This is all that the law requires. The verdict of the jury convicts the defendant of a violation of Act 44 of 1890. This is permissible. In disposing of bill of exceptions No. 1, we found that the verdict was responsive to the charge.

We find that all of the requisites of the law have been complied with, and that defendant has had a fair trial. For these reasons the verdict and sentence are affirmed.