425 So.2d 707 (1982)
STATE of Louisiana
v.
Jerome KNOX.
No. 82-KA-0473.
Supreme Court of Louisiana.
October 29, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Allen W. Helm, III and Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
*708 M. Michele Fournet, Baton Rouge, for defendant-appellant.
PER CURIAM.
Defendant Jerome Knox was charged in separate bills of information with two counts of felony theft and a single count of forgery, violations of La.R.S. 14:67 and 14:72. The basis of the theft charge was the taking of two ladies' dress suits valued at $150.00 from Dillard's Department Store in Baton Rouge. In a separate incident, defendant and two other persons negotiated a United States Treasury check for $283.00. On September 28, 1981 the defendant entered pleas of guilty to the forgery charge and to one theft charge. The second theft count was deleted from the bill as part of a plea bargain. The trial court accepted defendant's pleas and ordered a presentence report. On December 15, 1981, Knox was sentenced to two years at hard labor for the theft charge and to eight years at hard labor for the forgery offense, the sentences to run concurrently. Defendant now appeals his sentence contending that it is excessive in violation of La. Const.1974, Art. I, § 20 and inadequately supported by the trial court's statement of sentencing reasons, La.C.Cr.P. Art. 894.1.
At the time of these offenses, Knox was a twenty-year old with an extensive juvenile record. Knox remained in high school through the tenth grade but failed to earn enough credits to be considered a tenth grade student. Defendant was first placed on suspended commitment to Louisiana Training Institute (LTI) in 1975 with the special condition that he attend the Baton Rouge Mental Health Clinic. Actual placement in LTI's Project In-Step followed on May 5, 1979. Institution records revealed that Knox made "successful adjustments" to the program, did all required tasks, and was spoken of highly by his employer. Despite being diagnosed as having mild mental retardation, defendant received no recommendation of psychiatric treatment. Upon his release from LTI, defendant had continued legal violations while still classified as a juvenile offender. The present offenses are his first adult arrests.
It is now settled that a trial judge's sentencing reasons in compliance with La.C. Cr.P. Art. 894.1 provide an essential aid to this Court's review of an excessiveness claim under La. Const. Art. I § 20. State v. Trahan, 412 So.2d 1294, 1297 (La.1982); State v. Spencer, 374 So.2d 1195 (La.1979); State v. Cox, 369 So.2d 118 (La.1979). The record left of sentencing should therefore indicate that the trial court considered not only the seriousness of the offense and the past record of the defendant, but also "defendant's personal history (age, mental status, dependents, family ties, work record, mental, emotional and physical health) and his ... potential for rehabilitation." State v. Molinet, 393 So.2d 721, 722 (La.1981); see also, State v. Jones, 398 So.2d 1049 (La. 1981); State v. Jackson, 360 So.2d 842 (La. 1978). In addition, Art. 894.1(C) requires the trial court to state the factual basis for its sentencing conclusions. As set forth in State v. Williams, 397 So.2d 1287, 1291 (La. 1981), this requirement "... in most cases is crucial to this Court when called upon to execute its constitutional function to review a sentence complained of as excessive."
While the record reveals that the trial court briefly took note of some of the aggravating circumstances enumerated in La. C.Cr.P. Art. 894.1(A), particularly defendant's juvenile record, the considerations taken into account and the factual basis for the sentence are not adequately set forth. La.C.Cr.P. Art. 894.1(C). The trial court was dealing with a first felony offender who was eligible for probation under La.C. Cr.P. Art. 893. While a trial judge need not indicate every aggravating and mitigating circumstance listed in Art. 894.1, "... the record must reflect that he adequately considered the guidelines in particularizing the sentence to the defendant." State v. Grey, 408 So.2d 1239 (La.1982); State v. Guiden, 399 So.2d 194, 200 (La.1981). Thus, the trial court was obliged to accord some weight to mitigating circumstances, such as youth and first offender status, in arriving at its sentencing choice. La.C.Cr.P. Art. 894.1(B).
Because the trial court has failed to provide an adequate record of its sentencing *709 considerations and the factual basis therefor, we vacate the sentence imposed and remand for resentencing in accordance with the law.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED.
BLANCHE, J., dissents from the remand being of the opinion that the sentence was not excessive.