430 So.2d 1239 (1983)
STATE of Louisiana
v.
Louis LANG.
No. 82 KA 0696.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Rehearing Denied May 20, 1983.
*1240 Ossie B. Brown, Dist. Atty. by Warren Hebert, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Leon Jackson, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before PONDER, SAVOIE and CRAIN, JJ.
SAVOIE, Judge.
Louis Lang, defendant, was indicted under Louisiana Revised Statute 14:30.1 for the second degree murder of Clarence Perkins. At his first trial, the jury was unable to reach a verdict and a mistrial was declared. Upon retrial, a verdict of guilty of manslaughter was returned. Following his conviction, defendant was sentenced as a multiple offender to 21 years at hard labor.
Defendant raised fifteen assignments of error in the trial court. On appeal, however, he failed to brief Assignments of Error Nos. 1-8, 10, 11, 13 and 14. Thus, those assignments are considered abandoned. State v. Vanderhoff, 415 So.2d 190 (La. 1982). Assignments of Error Nos. 9, 12 and 15 remain to be addressed by this court.

ASSIGNMENT OF ERROR NO. 9
Defendant complains that the trial court erred in denying his motion to quash the verdict returned in the second trial. He contends that the first jury's decision constituted an acquittal and, therefore, his consent was necessary to the declaration of a mistrial. He alleges that without such consent, the second trial constituted double jeopardy.
*1241 The Louisiana Constitution, Article 1, § 15, and the Louisiana Code of Criminal Procedure, Article 591, prohibit a person from twice being put in jeopardy of life or liberty for the same offense. However, this general rule is subject to the following exceptions: (1) if by defendant's own motion, a new trial is granted or judgment is arrested, or (2) if a mistrial has been legally granted under the provisions of Article 775 of the Louisiana Code of Criminal Procedure or with the express consent of the defendant. La.C.Cr.P. art. 591. Under the second paragraph of C.Cr.P. art. 775, a mistrial may be ordered when the jury is unable to agree upon a verdict. In such an instance, the consent of the defendant is not necessary. State v. Coffil, 377 So. 22, 106 (La.1979); see also La.C.Cr.P. 591, comment (c).
At defendant's first trial, the jury was instructed that it could return a verdict of guilty of second degree murder, guilty of manslaughter, or not guilty. When the jury returned from its deliberations, the foreman indicated that a 10-2 decision on one of the verdicts had been reached. However, other members of the jury disagreed. Thereupon, the jury was sent back for further deliberations. Upon returning a second time, the foreman stated that the jury was unable to reach a verdict and further deliberations would be fruitless. This statement was supported by a unanimous show of hands by the jury in response to the trial judge's question of affirmation. At that point, the trial court declared a mistrial.
At the hearing on the motion to quash, the foreman of the first jury testified on defendant's behalf. He stated that the jury reached a 10-2 decision that the defendant was not guilty of second degree murder. Further, he testified that the jury was split 6 to 6 on the question of manslaughter.
The verdict of "not guilty of second degree murder" is not a responsive verdict to the charged offense of second degree murder. La.C.Cr.P. art. 814(A)(3). Further, this finding by the jury was not received as the verdict by the trial court, nor would the court have been correct in receiving it as such. La.C.Cr.P. art. 813. Accordingly, the record is devoid of any action on the jury's part that would constitute a finding for an acquittal in defendant's favor. However, the record does reflect the jury's failure to agree upon a responsive verdict. A mistrial granted for this reason is recognized as being a legally granted mistrial. La.C.Cr.P. art. 591 and 775. Therefore, the second trial did not constitute double jeopardy.

ASSIGNMENT OF ERROR NO. 12
Defendant argues that the trial court erred in allowing into evidence a photograph of the victim's body. He claims that the photograph was of such a gruesome nature that its prejudicial effect outweighed its probative value.
The test regarding the admissibility of allegedly gruesome photographs is whether their probative value outweighs the possible prejudice that may result from their display to the jury. Generally, photographs of a deceased victim have been held relevant to prove corpus delicti; to corroborate other evidence of the manner in which the death occurred; to establish the location, severity, and number of wounds; and to establish the identity of the victim. State v. Perry, 420 So.2d 139 (La.1982); State v. Tonubbee, 420 So.2d 126 (La.1982).
In ruling on the admissibility of the photograph into evidence, the trial court concluded that the probative value of the photograph outweighed its prejudicial effect. According to the trial court, the photograph's probative value lay in its evidence of defendant's intent to kill or inflict great bodily harm. As noted by the lower court, defendant's intent is an element of the crime and a subjective thing that can be proven only by surrounding circumstances. We find no error in the trial court allowing the photograph into evidence for this purpose.[1]

*1242 ASSIGNMENT OF ERROR NO. 15
Through this assignment of error, defendant asserts that the trial court erred by imposing an excessive sentence.
Article I, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishments. The Supreme Court has held that a sentence is excessive if it is grossly out of proportion to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980). In cases involving the most serious violations of the described offense, and the worst kind of offender, maximum sentences are appropriately imposed. State v. Jones, 398 So.2d 1049 (La.1981).
Article 894.1 of the Louisiana Code of Criminal Procedure sets forth sentencing guidelines for the court. It states three general conditions under which a court should impose a prison sentence: (1) when there exists undue risk that the defendant will commit another crime during the period of a suspended sentence or probation; (2) when the defendant is in need of the correctional services provided by the institution; or (3) when a lesser sentence will deprecate the seriousness of the crime. In addition, the statute lists other factors which must be considered in the court's determination as to suspension of the sentence or probation. Finally, it requires the trial court to state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
Other factors for review by the trial court before determining the sentence are the defendant's personal history (age, marital status, dependants, family stability, employment, mental, emotional and physical health), defendant's prior criminal history, the seriousness of the crime, the circumstances of the offense, the likelihood that the defendant will commit another crime, and his potential for rehabilitation. State v. Jackson, 360 So.2d 842 (La.1978).
In the instant case, defendant was sentenced under the multiple offender statute to 21 years at hard labor. Defendant had a juvenile criminal record. He was arrested twice in 1977, the first time for burglary and felony theft and the second time for felony theft. Both times he was counseled and warned. As an adult, he was convicted of attempted simple burglary and was sentenced to serve two years on probation. While on probation, defendant had two misdemeanor convictions. Thereafter, his probation was terminated unsatisfactorily. Within two months after his probation was terminated, he committed the present offense.
The trial court concluded that a mandatory jail sentence was appropriate. It noted that the defendant had been given the benefit of probation on prior offenses. Further, it determined that, in light of the guidelines set forth in La.C.Cr.P. art. 894.1, a lesser sentence would deprecate the seriousness of defendant's crime. In addition, the lower court opined that defendant's previous record indicated that any suspended sentence or probation would create an undue risk that the defendant would commit another crime during that period. The trial judge also commented that this was one of the bloodiest and most brutal homicides he had encountered.
A conviction for manslaughter carries with it a penalty of imprisonment at hard labor for not more than twenty-one years. La.R.S. 14:31. Under the habitual offender law, defendant, as a second felony offender, was subject to a penalty of imprisonment at hard labor for not less than seven years nor more than forty-two years. La.R.S. 15:529.1.
Based on the above law, facts and determinations by the trial court, we do not consider the sentence imposed to be excessive. Further, we note that the defendant is still entitled to the benefit of parole.
For the foregoing reasons, the ruling of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The defendant testified that the fatal stabbing resulted from his protecting himself from a homosexual rape by the victim. However, the photograph shows that several of the knife wounds sustained by the victim were "defensive" wounds.