CUTRER, Judge.
Daniel Dwayne Remedies was charged on September 16, 1981, with two counts of simple burglary (LSA-R.S. 14:62.2) and one count of forcible rape (LSA-R.S. 14:42.1). The charges flow from incidents on or about April 10, 1981, when a residence in Noble and a residence in Zwolle were forcibly entered. The rape occurred during the burglary of the Zwolle residence.
Pursuant to á plea bargain Remedies pleaded guilty on September 20,1982, to the two counts of simple burglary. In return the district attorney agreed to not prosecute the forcible rape charge, to not prosecute Remedies as a multiple offender, and to recommend to the sentencing judge that sentences imposed for the simple burglary convictions run concurrently.
Following a presentence investigation a hearing was held on December 17, 1982. Therein the trial judge sentenced Remedies to nine years at hard labor on each conviction. The trial judge further ordered that the sentences run concurrently.
From this conviction and sentence Remedies appeals asserting:
(1) The trial court erred in imposing sentence without complying with LSA-C. Cr.P. art. 894.1;
(2) The trial court erred by imposing excessive sentences in violation of Article I Section 20 of the 1974 Constitution; and
(3) The trial court erred in considering statements made by Remedies in his pre-sentence investigation, a violation of Remedies’ Fifth Amendment right against self-incrimination.
ASSIGNMENT OF ERROR NUMBER ONE
Remedies argues that the trial court erred in failing to properly apply the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1.
In a recent per curiam opinion the Louisiana Supreme Court discussed the sentencing requirements imposed by LSA-C.Cr.P. art. 894.1. In State v. Knox, 425 So.2d 707, 708 (La.1982), the court stated:
“It is now settled that a trial judge’s sentencing reasons in compliance with La. C.Cr.P. Art. 894.1 provide an essential aid to this Court’s review of an excessiveness claim under La. Const. Art. I § 20. State v. Trahan, 412 So.2d 1294, 1297 (La.1982); State v. Spencer, 374 So.2d 1195 (La.1979); State v. Cox, 369 So.2d 118 (La.1979). The record left of sentencing should therefore indicate that the trial court considered not only the seriousness of the offense and the past record of the defendant, but also ‘defendant’s personal history (age, mental status, dependents, family ties, work record, mental, emotional and physical health) and his ... potential for rehabilitation.’ State v. Molinet, 393 So.2d 721, 722 (La.1981); see also, State v. Jones, 398 So.2d 1049 (La.1981); State v. Jackson, 360 So.2d 842 (La.1978). In addition, Art. 894.1(C) requires the trial court to state the factual basis for its sentencing conclusions. As set forth in State v. Williams, 397 So.2d 1287, 1291 (La.1981), this requirement '... in most cases is crucial to this Court when called *1250 upon to execute its constitutional function to review a sentence complained of as excessive.’”
The court in Knox went on to say that the trial court did not satisfactorily comply with 894.1.
A review of the instant record does not lead this court to the same conclusion reached in Knox. In his reasons for judgment the trial judge stated:

“I have in hand a photocopy of the United States Department of Justice rap sheet on this defendant, which was provided me this morning; not agreeably, in connection with the pre-sentence report previously supplied me, but supplied me this morning. I will be glad to have you look at it.

“As nearly as I can tell, it verifies the allegations in the pre-sentence investigation report that this man is a third felony offender.

[[Image here]]

“The Court has reviewed the presen-tence investigation report, and what it reveals about this defendant and this offense in light of Article 894.1 of the Code of Criminal Procedure, which sets forth the sentencing guidelines in this case.

“Having done so, the Court concludes that the aggravating factors of that article are controlling in this case; specifically sections A (1) and (2), which provide that during the term of any probation that might be imposed, the defendant is likely to commit another crime; and secondly, that he is in need of a custodial environment, best provided by his confinement to an institution.

“These conclusions by the Court are based primarily on the fact that he is a third felony offender; his age of twenty-three (23), and of course, being a third felony offender, he is not eligible for probation under Article 893; the facts of the instant crime; the extensive use in the past by this defendant of virtually every illegal drug known, with the exception of heroin; the extensive use of alcohol, and the failure of the defendant to deal with this problem satisfactorily in the past. All of these indicate to the Court that these factors are controlling in this case.

“The Court has, in addition, reviewed the mitigating factors of Article 894.1, and finds that where those are applicable, they are outweighed by the other considerations stated by the Court.

sfs *
This court concludes that the trial court did adequately consider the factors enumerated in 894.1.
ASSIGNMENT OF ERROR NUMBER TWO
Remedies also argues that the trial judge imposed an excessive sentence in violation of Article I § 20 of the 1974 Constitution. This provision states, in pertinent part:

“No law shall subject any person to euthanasia, to torture, or to cruel, excessive or unusual punishment.”

Regarding exeessiveness our Supreme Court, in State v. Campbell, 404 So.2d 1205, 1207 (La.1981), reasoned as follows:

“The imposition of a sentence, even though within statutory limits, may violate a defendant’s right, under the Louisiana Constitution, against excessive punishment. Therefore, excessiveness of sentence is an appropriate question for review on appeal. See State v. Sepulvado, 367 So.2d 762 (La.1979). In State v. Bonanno, 384 So.2d 355 (La.1980) we set forth the standard to be used in reviewing a sentence alleged to be excessive. Therein we commented:

‘As stated previously, to determine whether a certain penalty is excessive we must determine whether that penalty is grossly disproportionate to the severity of the crime. State v. Goode, supra. To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice. 
*1251
State v. Beavers, 382 So.2d 943 (La.1980).”’

Before imposing the concurrent nine year sentences the trial judge examined the pre-sentence investigation and Remedies’ rap sheet.
A consideration of the information provided by the F.B.I. rap sheet alone leads us to the conclusion that Remedies’ concurrent nine year sentences are not excessive. This report reveals that Remedies is a third felony offender. In 1977, he was convicted of theft and sentenced to serve two years under the Texas Department of Corrections at Huntsville, Texas. Remedies was also convicted in 1979, of burglary of a vehicle for which he was sentenced to serve three years in the Huntsville facility.
Remedies’ record identifies his propensity for criminal behavior, especially of the nature for which he stands convicted before this court. Accordingly, we conclude that sentencing Remedies to concurrent nine year terms from a possible twenty-four year imprisonment was not an abuse of the trial court’s discretion.
ASSIGNMENT OF ERROR NUMBER THREE
Remedies’ third assignment of error is also related to his claim that his sentences are excessive. Remedies contends that it was error for the trial judge to consider his admissions to other crimes as reported in the presentence investigation in imposing sentence on Remedies. Remedies claims these admissions were attained in violation of his Fifth Amendment right against self-incrimination; therefore, the statements should not have been considered by the judge in determining Remedies’ prison term. Without consideration of these admissions, Remedies contends, his sentences are excessive.
We do not find it necessary to make a determination regarding this assignment. In view of his past record, and without considering his admissions set forth in the presentence report, Remedies sentences are not excessive.
For these reasons, the conviction and sentences are affirmed.
AFFIRMED.