444 So.2d 243 (1983)
STATE of Louisiana
v.
Clay C. FREEMAN.
No. 83-KA-0482.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Writ Denied April 2, 1984.
*244 Bernard A. Boudreaux, Dist. Atty., Walter J. Senette, Jr., Asst. Dist. Atty., Franklin, appellee.
Gary L. Newport, Franklin, for appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
Defendant, Clay C. Freeman, was charged by bill of information with simple burglary and felony theft in violation of LSA-R.S. 14:62 and 14:67, respectively. He was tried on July 21 and 22, 1982, before a six-man jury and convicted of those charges by a unanimous verdict in accordance with LSA-C.Cr.P. art. 782. Prior to sentencing, the state filed a bill of information alleging defendant to be a habitual offender. On January 5, 1983, after a full hearing, the trial court found defendant to be a second felony offender under LSA-R.S. 15:529.1 and sentenced him to serve concurrent terms of 24 years at hard labor for his theft conviction and 20 years at hard labor for his simple burglary conviction.
Defendant appeals his convictions and sentence, alleging six assignments of error. He briefed only three of the six assignments of error. We consider abandoned those assignments not briefed. Uniform RulesCourts of Appeal, Rule 2-12.4.
Some time between the hours of 6:00 p.m. and 7:30 a.m., on the night of October 19, 1981, Olivier Chevrolet Company, located on Highway 90, east of Morgan City, Louisiana, was burglarized. Several items were stolen, including a 40-channel citizens band radio, a computer system valued at *245 over $3500.00, an unsold 1981 black Caprice Classic automobile, valued at $12,000.00, and a recently sold 1981 maroon Chevrolet Corvette, valued at $19,500.00. The last two items were reported missing by Olivier Chevrolet after Detective James R. Bazet of the Morgan City Police Department had completed his initial investigation of the scene of the crime on the morning of October 20.
The St. Mary Parish Sheriff's Department later recovered the black Caprice found abandoned six or seven miles east of Morgan City near the Brown & Root industrial plant and returned it to Olivier Chevrolet. Detective Bazet entered a description and the license plate number of the Corvette on the National Crime Information Computer (NCIC), a national network of computers used by state and local police departments for speedy identification and discovery of stolen goods possibly moving across state lines.
On October 21, Florida Highway Patrol Trooper Joe Tucker received a radio BOLO (be on the lookout) for a car matching the description of the missing Corvette. On routine patrol that day, he spotted the car on the highway near Milton, Florida, a little town 20 to 25 miles north of Pensacola. He followed the car to a truck stop where the driver and the passenger, upon request, voluntarily identified themselves as Leonard Roundtree and Clay C. Freeman, the defendant. Upon confirming with headquarters that the car was listed on NCIC as stolen, he placed them under arrest and impounded the car.
The defendant waived extradiction proceedings in Florida and was subsequently escorted back to Morgan City by Detective Bazet for prosecution. Olivier Chevrolet eventually recovered all of the stolen items.

ASSIGNMENT OF ERROR NO. 2
In this assignment, defendant contends that the trial judge erred in overruling his motion in arrest of judgment. He argues that the rendered verdict is ambiguous and "patently defective" and cannot form the basis of a valid judgment.
After charging the jury on the law applicable to felony theft and simple burglary, the trial judge gave the jury, in accordance with LSA-C.Cr.P. art. 809, a written list of verdicts responsive to the charges of theft[*] and simple burglary. The responsive verdicts for the charge of theft were written as follows:
1.Guilty of Theft of Property of a Value of
(a) Over $500, or
(b) Between $100 and $500, or
(c) Less than $100.
2.Guilty of Attempted Theft of a Value of
(a) Over $500, or
(b) Between $100 and $500, or
(c) Less than $100.
3.Guilty of Unauthorized Use of a Movable.
4.Not Guilty.
After the jury deliberated and reached agreement on the verdict, the foreman wrote on the back of the responsive list in the blank provided for the charge of theft "Guilty of Theft of Property of a Value of Over $500.00, or." In the blank provided for the charge of simple burglary, he wrote, "Guilty of Simple Burglary." He then signed his name, and delivered the verdict to the judge in open court in accordance with LSA-C.Cr.P. art. 810.
*246 Defense counsel objected to the form of the verdict and subsequently filed a written motion in arrest of judgment on the ground that the inclusion of the disjunctive "or" indicates an alternative verdict of guilty on one or the other of the charges but not on both. He argues that this alleged ambiguity in the defendant's conviction renders the verdict illegal under LSA-C.Cr.P. art. 859.
Under art. 810, there is no formal requirement regarding the language of the verdict except that it clearly convey the intention of the jury. If a verdict is ambiguous, a court may refer to the pleadings, evidence, admissions of the parties, the instructions given by the trial judge, or the form of the verdict submitted to determine the jury's intent. State v. Vincent, 387 So.2d 1097 (La.1980); accord, State v. Williams, 386 So.2d 1342 (La.1980).
The bill of information clearly charges the defendant with two distinct crimes. The state prosecuted the defendant on both crimes and presented evidence of both crimes to the jury. In his charge, the trial judge correctly explained to the jury that they must find the defendant guilty or innocent of both crimes, that is, that they should evaluate the evidence as it relates to each charge and return a verdict of guilt or innocence on each charge or on some lesser included offense of each charge. Accordingly, he instructed them that they could find the defendant guilty of both crimes, not guilty of both crimes, or guilty of one crime but not guilty of the other and vice versa. We do not think this instruction created any confusion in the minds of the jury members as to what the possible verdicts were or led them to believe they could render an "alternative" verdict of guilty of either crime.
In denying the defendant's motion, the trial judge said that the foreman simply filled in the blank provided for the charge of theft with a verbatim copy of the responsive lists given. Because each responsive verdict included the word "or," the foreman included it also. We think that this is a correct and accurate explanation of the verdict. The jury clearly intended to find the defendant guilty of both crimes, and its verdict should not be overturned because an arguably ambiguous and inartful expression frames it. See State v. Cole, 158 La. 799, 104 So. 720 (1925).

ASSIGNMENT OF ERROR NO. 4
In this assignment, defendant contends that the trial court erroneously allowed the introduction into evidence of xeroxed copies of defendant's fingerprints at the habitual offender hearing. He argues that the copies are not the best evidence available and that their introduction violated the defendant's "right to due process under the Sixth Amendment right to confrontation and under Article 1 Section 2 of the Louisiana State Constitution."
At the opening of the habitual offender hearing, before calling either of its expert witnesses, the State introduced in globo certified copies of the defendant's prison record, on file with the Louisiana Department of Corrections, which included a certified copy of an Orleans Parish bill of information dated July 18, 1980. On this bill of information were two thumbprints alleged to be those of the defendant. At the time of the introduction of these documents, the defense counsel made no objection.
The State then called Police Chiefs Alcide Gros and David Naquin, accepted by the trial judge without objection as experts in fingerprint identification. Each had previously conducted a comparative analysis of the defendant's fingerprints, and each positively testified at the hearing that the fingerprints on the copy of the bill of information matched those of the defendant. On the basis of this testimony, the trial court found defendant to be a multiple felony offender and sentenced him to the maximum penalty for both crimes.
Defense counsel waited until after the State had rested and the trial judge had imposed sentence before raising any objection to the introduction of the documents.
A party must object to an irregularity or error at the time of the occurrence of the error, or within a reasonable time of *247 discovery of the error, and state the reason for his objection in order to allow the trial judge the opportunity to rule on it and prevent or cure the error. LSA-C.Cr.P. art. 841; State v. Herrod, 412 So.2d 564 (La.1982). A party is not allowed to delay his objection in the hope of a favorable decision on the merits and later complain about the alleged previous error when events turn out badly.
In the present case, defense counsel waited until the sentence had been imposed at the close of the hearing, well after the trial judge had a reasonable opportunity to rule on it, before raising any objection to the documentary evidence. Under these circumstances, the objection came too late. This assignment is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that his sentences are excessive, and that the trial judge did not state the factual basis necessary to support the imposition of a maximum sentence, or consider any mitigating factors, as required by LSA-C.Cr.P. art. 894.1.
Article 1, sec. 20 of the Louisiana Constitution prohibits the imposition of excessive sentences. A sentence may be excessive even though it falls within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive when it is grossly out of proportion to the severity of the offense, or when it makes no measureable contribution to the acceptable goals of punishment and it is nothing more than the needless and purposeless imposition of pain and suffering. State v. Finley, 432 So.2d 243 (La.1983). Moreover, maximum sentences are appropriately imposed only for the most serious violation of the described offense, and for the worse kind of offender. State v. Lang, 430 So.2d 1239 (La.App. 1st Cir.1983).
Under art. 894.1, the trial judge should consider three basic factors before imposing a prison sentence: (1) that there is an undue risk that the defendant will commit another crime during the period of suspension or probation, (2) that the defendant is in need of services of a custodial environment provided most effectively by a commitment to an institution, and (3) that a lesser sentence would deprecate the seriousness of the crime. The trial judge should also consider and accord some weight, though he need not state them all for the record, other factors such as the defendant's prior criminal record, the seriousness of the offense, the defendant's personal history and his potential for rehabilitation. See State v. Knox, 425 So.2d 707 (La.1982); State v. Lang, 430 So.2d 1239 (La.App. 1st Cir.1983). Finally, the trial judge must state for the record the considerations taken into account and the factual basis supporting his sentencing choice.
The record discloses that the trial judge considered and based the sentence on the following facts: The defendant is 36 years old, divorced and is the father of two children. He has a high school education. He also has a prior felony conviction for the crime of receiving stolen things, and was sentenced to serve time for that offense on July 18, 1980. He previously served time at a state prison at Angola, Oklahoma, and has a rap sheet "that goes back on and on and on ...."
The trial judge specifically found "nothing redeeming" in the defendant's "civilian or criminal life that would warrant anything less than the maximum sentence." He said there was not simply an undue risk but a "dead certainty" that the defendant would commit another crime if suspended. He described the crimes for which defendant was convicted as planned and "well thought out" with the intent of removing the property from Louisiana for disposal in another state.
In light of these facts, the trial judge fully complied with the requirements of art. 894.1 and did not abuse his sentencing discretion in imposing the maximum sentence. The conviction for felony theft carries with it a maximum prison term of 12 years at hard labor; for simple burglary, a term of ten years at hard labor. Under the habitual offender law, a conviction for a second felony offense may be punished by *248 a prison term no greater than twice the maximum term prescribed for the first conviction. LSA-R.S. 15:529.1(A)(1).
Under these facts and the law applicable to them, the sentence imposed is not excessive. This assignment is without merit.
For the foregoing reasons, the defendant's convictions and sentence are affirmed.
AFFIRMED.
NOTES
[*] The list of responsive verdicts to the theft charge given to the jury is technically incorrect. The correct list of responsive verdicts, applicable before article 814 was amended by 1982 Acts, No. 763, sec. 1, reads as follows:

23. Theft:
Guilty of theft of property of ____ dollars in value.
Guilty of attempted theft of property of____ dollars in value.
Guilty of unauthorized use of movables. Not guilty.
However, because the jury returned a verdict of guilty of the crime charged, no prejudice resulted to the defendant. See State v. Prestridge, 399 So.2d 564, 578 (La.1981) (held, erroneous charge is not prejudicial when jury returns guilty verdict of crime charged).