457 So.2d 1236 (1984)
STATE of Louisiana
v.
Jeffrey LIVELY.
No. 84 KA 0136.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*1237 Aubert D. Talbot, Dist. Atty., Napoleonville, for the State.
Lawrence W. Bell, Gonzales, for defendant-appellant Jeffrey Lively.
Before GROVER L. COVINGTON, LOTTINGER and PONDER, JJ.
PONDER, Judge.
Defendant was convicted of second-degree murder, a violation of LSA-R.S. 14:30.1. He was sentenced to mandatory life imprisonment at hard labor, without benefit of probation, parole or suspension of sentence.
Defendant asserts three assignments of error: (1) admission into evidence of bedsheet purportedly taken by law enforcement officials from the victim's bed; (2) admission into evidence of certain photographs of the victim; and (3) excessive sentence, constituting cruel and unusual punishment.
We affirm.
The seventeen year old defendant and a friend, on their way home from a bar one early morning, illegally entered the home of the ninety-two year old victim, who was asleep in her bed. The unfortunate woman was subsequently awakened, then brutally beaten and raped in her bed. Her death several days later was a direct result of the beating she had received.
Defendant argues that the state failed to prove that a bedsheet, stained with human blood and semen, and introduced into evidence at trial, was the same bedsheet removed by law enforcement officials from the bed of the victim a few hours after the rape.
For demonstrative evidence to be admitted at trial, the law requires that the object be identified. The identification can be visual or by chain of custody, i.e., by establishing the custody of the object from the time it was seized to the time it was offered into evidence at trial. The evidence as a whole must establish that it is more probable than not that the object introduced was the same as the object originally seized. State v. Taylor, 422 So.2d 109 (La.1982); State v. Godeaux, 378 So.2d 941 (La.1979).
Detective Anthony Bacala of the Ascension Parish Sheriff's Office identified the bedsheet admitted into evidence as the one he removed from the bed of the victim and delivered, sealed in an evidence envelope, to the state crime lab. This testimony, along with that of the forensic scientist, Shirley Phillips, who analyzed the bedsheet, establishes that it is more probable than not that the bedsheet which was introduced into evidence was the same bedsheet removed from the victim's bed a few hours after the rape.
Defendant's first assignment of error has no merit.
Defendant contends that the admission into evidence of five photographs of the victim constitutes reversible error because their probative value was minimal compared to their inflammatory effect upon the jury. The state argued at trial that their admission was necessary to rebut the defendant's statements that he did not strike or have intercourse with the victim. The defendant counters that verbal testimony by investigating police officers, attending physicians and the coroner who conducted the autopsy of the victim sufficiently rebutted defendant's statements.
The test of admissibility of allegedly gruesome photographs is whether their probative value outweighs their possible prejudicial or inflammatory effect upon the jury. State v. Perry, 420 So.2d 139 (La. 1982); State v. Huntley, 418 So.2d 538 (La.1982). Generally, photographs of a deceased victim have been held relevant to prove the death, or corpus delicti; to corroborate other evidence of the manner in which the death occurred; to establish the nature, severity and location of the wounds; and to establish the identity of the victim. State v. Spears, 350 So.2d 603 (La.1977); State v. Lang, 430 So.2d 1239 (La.App. 1st Cir.1983).
Two of the color photographs depict the victim, a ninety-two year old woman, *1238 lying in a hospital bed within a few hours of the attack upon her. These show her face, covered with bruises. The remaining three color photographs were taken after the victim's death; they reveal a very large bruise on her side, bruises on her head and a tear in the flesh at the vaginal entrance.
We find no error in the trial judge's determination that the possible inflammatory effect of the photographs on the jury was outweighed by their probative value. They are relevant to prove the corpus delicti, and the wounds on the victim's body corroborated the state's theory that either: (1) an aggravated rape or aggravated burglary was perpetrated in connection with the killing, or (2) defendant had the specific intent to kill or to inflict great bodily harm, essential elements of the crime charged. In addition, they are relevant to corroborate medical testimony concerning the cause of death and to refute the defendant's statements that he did not hit the victim or attempt to rape her.
This assignment of error is also without merit.
Defendant further contends that the sentence imposed, life imprisonment at hard labor, without benefit of probation, parole or suspension of sentence, is excessive and constitutes cruel and unusual punishment.
This argument against the mandatory sentence has been consistently rejected. State v. Parker, 416 So.2d 545 (La.1982); State v. Daniel, 378 So.2d 1361 (La.1979); State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983). Life imprisonment is not an excessive penalty for the crime of second-degree murder. State v. Landry, 388 So.2d 699 (La.1980); State v. Brooks, 350 So.2d 1174 (La.1977).
Although the sentence is mandatory, it is still subject to review for excessiveness. State v. Sepulvado, 367 So.2d 762 (La. 1979). We do not find the sentence imposed so grossly disproportionate to the crime committed, as to shock our sense of justice. State v. Williams, 448 So.2d 659 (La.1984).
For the foregoing reasons, we find no reversible error in the case and thus affirm defendant's conviction and sentence.
AFFIRMED.