ALFORD, Judge.
Azarie Street was charged by bill of information on April 8, 1983, with illegal use of a weapon, a violation of LSA-R.S. 14:94. Defendant pled not guilty and after a jury trial was found guilty as charged. The trial court originally sentenced defendant to two years confinement in the custody of the Department of Corrections, with credit for time served from arrest through date of bond. The remainder of the sentence was suspended and the defendant was placed on two years active supervised probation. The state objected to the sentence imposed and sought supervisory writs. On March 20, 1984, this court granted the state’s writ application, vacated the sentence and remanded the matter for sentencing in compliance with La.C.Cr.P. art. 893.-1.Subsequently, on May 2, 1984, defendant was resentenced by the trial court to confinement for two years in the custody of the Department of Corrections, with credit for time served.
Defendant appeals that conviction and sentence, urging six assignments of error:
1. The trial court erred when it sustained the state’s objection to defendant’s definition of “beyond a reasonable doubt.”
2. The trial court erred when it overruled the defendant’s objection to the manner of exercising peremptory challenges and the number of peremptory challenges.
3. The trial court erred when it denied defendant’s motion for a directed verdict.
4. The verdict rendered is contrary to the law and/or evidence.
5. The trial court imposed an excessive sentence.
6. The trial court erred in imposing a sentence enhanced pursuant to La.C. Cr.P. art. 893.1.
Assignments of error nos. 1 and 2 were not briefed and are therefore considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.
FACTS
Defendant, Azarie Street, was arrested on February 17, 1983, after she fired three shots from a .32 caliber revolver in Lig-gett’s Pharmacy in Baton Rouge. A witness testified that he saw defendant fire the shots upward and, in fact, two bullet holes were later found in the ceiling of the store.
At trial, defendant testified that she had been constantly followed and harassed for over a year by a black male, known only to her as Gary — later identified as Gary Butler. At one point he allegedly walked up to her in a store and showed her a gun underneath his shirt.
*1037 Defendant testified that she complained both to the police and the Sheriffs Office on numerous occasions about Butler’s har-rassment and reports were made on several of these occasions; however, nothing was accomplished by the subsequent investigations and Butler continued to follow her.
Defendant testified that the day before her arrest, she purchased the revolver from a pawn shop. When Butler followed her into Liggett’s she unsuccessfully tried to get away from him. When she finally pulled out the gun and fired the shots at the ceiling, Butler ran out of the store.
At trial no witness was called on defendant’s behalf to corroborate her story. The officers to whom she allegedly made the complaints were not available to testify. An investigator for the Public Defender’s Office testified that he was unable to get a record of any complaints made by the defendant to the Sheriff’s Office, since reports were not filed alphabetically, but by the dates of each incident. These dates were apparently not ascertainable.
ASSIGNMENTS OF ERROR NOS. 3 AND 4:
Defendant combines these two assignments of error, arguing that the trial court erred in denying the defendant’s motion for directed verdict of acquittal, and alleging that the evidence presented at trial was insufficient to sustain a conviction. Specifically, defendant contends that the state did not prove that it was foreseeable that the discharge of the firearm might result in death or great bodily harm to a human being—an essential element of the crime charged.[1]
At the close of the state’s case, defendant moved for a directed verdict based on insufficiency of the evidence. The trial judge correctly denied the motion at that point. A motion for acquittal is properly made only when the case is tried by a judge alone. La.C.Cr.P. art. 778. The proper procedure for raising this issue is by motion for a post-verdict judgment of aequit-tal. La.C.Cr.P. art. 821. Despite the fact that defendant failed to employ the proper procedure, insufficiency of the evidence will be considered since the matter was raised by formal assignment of error. State v. Washington, 421 So.2d 887 (La.1982).
The standard of review for sufficiency of the evidence is whether, viewing the evidence in-the light most favorable to the prosecution, any rational trier of fact could conclude that the essential elements of the crime were proved beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
The direct evidence offered at trial revealed that (1) defendant fired three shots from a .32 caliber revolver; (2) two of the bullet holes were located in the ceiling of the store; (3) the location of the third bullet was never found; and (4) there were at least five other people present in the store at the time the shots were fired, including an employee who was about three feet away from the defendant. Consideration of the fact that the shots were fired in a store occupied by several persons, the proximity of at least one person to the gunfire, and the nature of the weapon itself, leads to the conclusion that the trial judge could find that it was foreseeable that the firing of the gun by defendant might result in death or great bodily harm to a human being.
Accordingly, these assignments of error lack merit.
ASSIGNMENTS OF ERROR NOS. 5 AND 6:
In these remaining assignments of error, defendant contends that the trial court erred in imposing an enhanced sentence pursuant to La.C.Cr.P. art. 893.1 and in imposing an excessive sentence.
La.C.Cr.P. art. 893.1 provides for a minimum penalty when the court makes a finding that a firearm was used in the *1038 commission of a felony. The statute also provides, “The imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.”[2]
The defendant argues that the application of La.C.Cr.P. art. 893.1 together with the penalty provisions of LSA-R.S. 14:94 results in an illegally enhanced sentence, 1.e., defendant would, in effect, be penalized twice for the use of a weapon.
The question of the applicability of Article 893.1 to LSA-R.S. 14:94 has been addressed in State v. Victorian, 448 So.2d 1304 (La.App. 3d Cir.1984), writ denied, 452 So.2d 167 (La.1984). In that case, the defendant pled guilty to a violation of LSA-R.S. 14:94, and was sentenced pursuant to La.C.Cr.P. art. 893.1 to serve two years in jail without benefit of probation, suspension or parole. The Third Circuit initially ruled that Article 893.1 does not apply to LSA-R.S. 14:94, but reversed itself on rehearing, finding that Article 893.1 is but a limitation on the sentencing discretion of the judge, and application of that article along with LSA-R.S. 14:94 does not result in double enhancement of penalty. In addition, the Louisiana Supreme Court denied defendant’s writ application to this court in the instant case at 450 So.2d 667 (La.1984). Consequently, defendant’s argument on this point is without merit.
Finally, defendant’s argument that the trial judge’s imposition of the two year sentence is excessive is also without merit. The mitigating factors cited by defendant have no relevance in a case such as this in which the sentencing judge has no sentencing discretion at all by virtue of legislative mandate.[3] La.C.Cr.P. art. 893.1.
Therefore, for the foregoing reasons, the judgment and sentence of the trial court is affirmed.
AFFIRMED.

. La.R.S. 14:94 provides, in pertinent part: Illegal use of weapons or dangerous instrumentalities is the intentional or criminally negligent discharging of any firearm ... where it is foreseeable that it might result in death or great bodily harm to a human being.

. La.C.Cr.Pr. art. 893.1 provides, in full:
When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.

. However, please note this court’s opinion in State v. Lively, 457 So.2d 1236 (La.App. 1st Cir.1984), in which he finds that although the sentence is mandatory, it is still subject to review for excessiveness.