LOTTINGER, Judge.
Layant Ayrow was charged by bill of information with aggravated battery. La. R.S. 14:34. He pled not guilty and, after trial by jury, was found guilty as charged. He received a sentence of ten years at hard labor. In addition, the trial court enhanced the defendant’s sentence by imposing a consecutive sentence of two years at hard labor without benefit of parole, probation, or suspension of sentence as provided by La.R.S. 14:95.2. The defendant has alleged four assignments of error in his appeal.
1. The trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of La.Code Crim.P. art. 894.1.
2. The trial court erred in enhancing the sentence pursuant to La.R.S. 14:95.2.
3. The trial judge committed error when he made a comment which indirectly referred to the defendant’s failure to testify in his own defense.
4. The defendant was prejudiced by ineffective assistance of counsel at trial.
FACTS
In December, 1985, the defendant, his brother (Hasker Ayrow), the victim (David Young), Irving Richard, and Aaron Williams were working as field hands on White Plantation in Lafourche Parish. The victim was talking with Irving Richard and Aaron Williams when an argument ensued between the defendant and the victim. Apparently, the defendant thought that the victim was talking about the defendant and his brother. After the defendant and the victim exchanged words, Young offered the invitation to fight by saying “Let’s bump heads.” The defendant left without fighting, but stated that he would return later.
The defendant returned approximately thirty minutes later, on a tractor. He stopped the tractor a distance of twelve to fifteen feet from Young, who was on the ground talking to Richard. The defendant turned off his tractor and, speaking to the victim, asked, “You’re still here?” When the victim turned around, the defendant shot him in the leg with a rifle. Immediately after the shooting, the defendant started his tractor and drove away.
ASSIGNMENT OF ERROR NO. 3
In this assignment of error, the defendant contends that the trial court erred by making a comment which indirectly referred to the defendant’s failure to testify in his own defense.
La.Code Crim.P. art. 770(3) provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
[[Image here]]
(3) The failure of the defendant to testify in his own defense;
[[Image here]]
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
During the direct examination of the victim, the following colloquy occurred:
THE COURT:
What’s the basis of the objection, sir?
MR. SONNIER:
Hearsay.
THE COURT:
*532 The man is sitting in the courtroom. He has a right to deny it, sir. The thing is he’s asking him and it goes more to the weight than it goes to the admissability (sic) anyway, but he certainly has a right to testify. Objection is overruled.
MR. SONNIER:
I’d like to note our objection for the record, Your Honor.
THE COURT:
Let the objection be noted.
The defendant alleges that the trial court’s quote above indirectly referred to the defendant’s failure to testify in his own defense. He argues that he was entitled to a mandatory mistrial under Article 770, although defense counsel did not request a mistrial, an admonition, or even object to the remark.
The instant remark was made during the prosecution’s case-in-chief. At this point in the trial, the trial judge could not have known whether or not the defendant intended to take the stand. Therefore, it is obvious that the instant comment could not be construed as a remark calling attention to the defendant’s failure to testify in his own defense. An examination of the above colloquy clearly indicates that the trial court’s remark was made during his ruling on defense counsel’s objection. The remark was obviously not intended as a reference to the defendant’s right against self-incrimination; rather, it was intended as an explanation of an exception to the rule against hearsay. State v. Johnson, 426 So.2d 95 (La.1983).
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 4
In this assignment of error, the defendant contends that he was prejudiced by ineffective assistance of counsel at his trial.
In his brief, defendant’s allegation of ineffective assistance of counsel specifically relates to defense counsel’s failure to request a mistrial after the trial judge’s alleged comment on the defendant’s failure to take the stand. In assignment of error number three, this court concluded that the trial court’s remark was made in the context of an explanation of a ruling on a hearsay objection and not a violation of La.Code Crim.P. art. 770(3). While maintaining that the comment was a violation of La.Code Crim.P. art. 770, the defendant also noted that the article requires a defendant to make a motion for a mistrial and that defense counsel made no such motion. The defendant has concluded that defense counsel’s failure to request a mistrial based on this comment resulted in ineffective assistance of counsel and deprived him of a fair trial. However, because this court determined that assignment of error number three did not violate La.Code Crim.P. art. 770, this court finds that defense counsel’s failure to request a mistrial did not constitute ineffective assistance of counsel. Furthermore, after examining the entire record in this case, this court is in agreement with the trial court’s response to the defendant's complaint at the sentencing hearing by stating defendant’s trial counsel had performed an “excellent” job, but the defendant’s conviction should be attributed to the overwhelming evidence against him.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 1
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of La.Code Crim.P. art. 894.1.
The defendant argues that the trial court failed to consider the nature of the offense and failed to comply with Article 894.1. However, the sentencing record reflects that the trial court satisfied the criteria set forth in Article 894.1. Referring to the presentence investigation, the trial judge noted that the defendant had a lengthy criminal record which included a prior felony conviction for simple burglary, several misdemeanor convictions, and arrests for numerous other offenses. The trial judge pointed out that he could not consider a sentence of probation because of the defendant’s previous felony conviction. The *533 trial court noted that the defendant’s criminal record indicated a history of aggressive behavior and concluded that the defendant needed correctional treatment. He also concluded that there was an undue risk that the defendant would commit further crimes if not incarcerated.
The trial court specifically referred to the circumstances surrounding the instant offense and noted that the defendant shot the victim without provocation or justification. The trial court also noted that the victim “will be a cripple for the rest of his life.” Finally, the trial court stated that the instant crime was very serious and that any lesser sentence would deprecate the seriousness of the offense.
A sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than a needless imposition of pain and suffering. A sentence is considered grossly disproportionate if one’s sense of justice is shocked when considering the punishment in light of the harm done to society.
For the instant offense, the defendant received the maximum sentence of ten years at hard labor. Maximum sentences are appropriately imposed only for the most serious violation of the described offense, and for the worst kind of offender. State v. Freeman, 444 So.2d 243 (La.App. 1st Cir.1983), writ denied, 447 So.2d 1076 (La.1984). In light of the reasons for sentencing given by the trial court, especially the defendant’s lengthy criminal record and history of aggressive behavior, this court finds that the defendant was the worst kind of offender. Considering the circumstances of the offense, especially the fact that the defendant shot the unarmed victim with a rifle at a distance of twelve to fifteen feet, we also conclude that this was the most serious type of aggravated battery.
Under the circumstances, we cannot say that the trial judge abused his discretion in imposing the maximum sentence for this offense.
Thus this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error, the defendant contends that the trial judge erred in enhancing his sentence pursuant to La. R.S. 14:95.2.
In the instant case, the trial court enhanced the defendant’s sentence by imposing a consecutive sentence of two years at hard labor without benefit of parole, probation, or suspension of sentence. The trial court noted that the defendant had used a firearm in committing this offense and concluded that La.R.S. 14:95.2 was applicable. However, as the defendant correctly notes in his brief, State v. Jackson, 480 So.2d 263 (La.1985), overruled in part on other grounds, State v. Allen, 496 So.2d 301 (La.1986), specifically held that La.R.S. 14:95.2 could not be used to enhance a sentence unless the use of a firearm and/or the statute itself was charged in the bill of information or indictment. Neither La.R.S. 14:95.2 nor the use of a firearm was pled in the instant bill of information. Therefore, the two year penalty enhancement imposed in this case is illegal and must be reversed. State v. Harris, 480 So.2d 281 (La.1985).
For the above reasons, the defendant’s aggravated battery conviction is affirmed, as is the sentence of ten years at hard labor for that conviction. However, the two-year penalty enhancement imposed under La.R.S. 14:95.2 is reversed.
AFFIRMED IN PART AND REVERSED IN PART.