I agree with the decision to deny this writ. I write separately to note my view that this brutal armed robbery offense, which included as victims two adults and a three-year-old child, warrants a significant hard labor sentence. However, I agree with the court of appeal's remand for resentencing, though for a different reason than the court of appeal. Here, in my view, *562 the trial judge did not comply with La. C.Cr.P. 894.1. Specifically, he failed correctly to assess applicable mitigating factors, i.e. defendant's youth (20 years old) and status as a first-time offender. In fact, contrary to clearly established jurisprudence, the trial judge deemed his youth an aggravating factor, rather than mitigating factor, emphasizing that defendant would likely commit additional crimes. Cf. State v. Knox , 425 So.2d 707, 708 (La. 1982) (recognizing "youth and first offender status" as common mitigating circumstances); State v. Walker , 414 So.2d 1245 (La. 1982) (same). Accordingly, I agree with the court of appeal that the case must be remanded for resentencing and proper assessment of all applicable 894.1 factors. See , e.g. , State v. Ladd , 14-1611 (La. 3/27/15, 164 So.3d 184 (remanding case for resentencing for trial court's failure to comply with application of 894.1 factors).