73 So.2d 466

In re TILLOTSON.

No. 41719.

May 31, 1954.

John F. Rau, Jr., Gretna, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., Geo. McCulloch, Jr., Alexander E. Ralston, Jr., Asst. Dist. Attys., New Orleans, for appellee.

McCALEB, Justice.

On the morning of September 13, 1953, two New Orleans Police Officers noticed the 16 year old juvenile involved in these proceedings, distraught and weeping, at the corner of one of the streets of the city. Upon inquiring of her the reason for her perturbation, she told them a sordid story of occurrences on the previous evening with a young man which began at a night club in Jefferson Parish, where her mother worked as a barmaid, and culminated in sexual intercourse with him during the early morning hours in her mother's bed at her home in New Orleans, with her mother's apparent consent and approval.

Upon receiving this information, the officers took the girl to the Juvenile Court, where the statement was reduced to writing and signed by her. Pending an investigation, she was committed to the Convent of Good Shepherd at New Orleans. On December 2, 1953, a petition was filed in the Juvenile Court by its Probation Officer which, after alleging that the child was within the jurisdiction and in need of the protection of the court, concluded with a prayer that it appeared that the interest of the public and the child required that further action be taken and that the court render such proper and necessary orders for the child's welfare. On the following day, a trial was had before one of the judges of the court who, after considering the testimony of the child, her aunt, her father and her statement to the police, found her to be in need of the protection of the court and committed her to the Convent of Good Shepherd for an indefinite period. The mother of the child did not appear at this hearing.

Subsequently, council now representing the child (who was evidently employed after the trial) filed a motion for a new trial and the judge thereupon reopened the case, the rehearing being fixed for January 13, 1954. On the appointed day, the child was

produced and her father and mother appeared in response to summons which had been mailed to them.

At the beginning of the hearing, counsel objected to the manner of service of the summons and also to the jurisdiction of the court on the ground that the allegations of the petition were insufficient to bring the case within the purview of the applicable statute, LSA–R.S. 13:1570. These objections were overruled and the court then heard the evidence of the policemen to whom the statement of the child was given. The mother and father of the child also took the stand but they confined their testimony to statements of the fact that they had received the citation to appear through the United States mail. Following this trial, the judge recommitted the child to the Convent of Good Shepherd for an indefinite period. Her counsel then prosecuted this appeal in her behalf.

Counsel initially complains that the court erred in overruling his objection to the summons issued to the parents of the girl on the ground that it did not state the facts upon which the proceeding was based, as required by LSA–R.S. 13:1575, and also that it was improper to effect service of the summons by use of the mails, in view of LSA–R.S. 13:1576.

■ There is no merit in these contentions. The parents of the child, in response to the summons, appeared before the court without objection on their part. Consequently, counsel is not in a position to complain, even if it be conceded that the contents of the summons did not literally comply with the requirements of LSA–R.S. 13:1575 or that its service was not made by an officer of a court, as prescribed by LSA–R.S. 13:1576.

The next claim of counsel is that the court was without jurisdiction because the petition failed to allege sufficient facts to bring the case within the provisions of LSA–R.S. 13:1570, which sets forth the matters over which the Juvenile Court shall have exclusive jurisdiction.[1]

LSA–R.S. 13:1574 provides in substance that, when the Juvenile Court is informed that a child comes within the purview of its jurisdiction, it shall make a preliminary

---

1. LSA–R.S. 13:1570 outlines the cases of which the Juvenile Courts have jurisdiction. Among these cases, it is provided in subparagraph (2) of Paragraph A, are those concerning any child who lives or is found within the parish "Whose occupation, behavior, environment or associations are injurious to his welfare". However, it is pertinent to here observe that it is not accurate to say that LSA–R.S. 13:1570 establishes the jurisdiction of the Juvenile Court for the Parish of ■■■■■ Orleans. Actually, the jurisdiction of that court is defined and provided for by Section 96 of Article 7 of the Constitution, as amended by Act 513 of 1948, declaring, among other things, that the court shall have jurisdiction of all proceedings concerning neglected or delinquent children under 17 years of age. Indubitably, under the facts appearing in this case, the juvenile comes within that category.

inquiry to determine whether either the public interest or that of the child requires that further action be taken and that, if the court authorizes the filing of a petition, such petition shall set forth plainly "(1) the facts which bring the child in the purview of R.S. 13:1561 through 13.1592". Counsel's complaint here is that the petition merely states that the child is in need of the protection of the court and that it fails to give any facts upon which this conclusion is based.

This point might have been well taken if it had been raised when the case was first heard but, since evidence was adduced at that trial without any objection, such evidence effected an enlargement of the pleadings and supplied any deficiencies therein. The statutory requirement that the facts, upon which the petition is founded, be set forth plainly is to provide notice to all persons interested in the child of the grounds upon which the hearing is being held so that they may be prepared to combat the charges, if they see fit. In this case, neither the mother, father, nor the aunt with whom the child resided on occasion, questioned the truthfulness of the contents of the statement given by the child to the police. Plainly, no one was taken by surprise or otherwise injured by the failure of the petition to state the facts, which facts clearly sustain the conclusion that the child was either delinquent or neglected and in need of the protection of the court.

The cases of State ex rel. Herbert v. Renaud, 157 La. 776, 103 So. 101; In re Sherrill, 206 La. 457, 19 So.2d 203 and State v. Brockner, 207 La. 465, 21 So.2d 499, cited by counsel, are not apposite. The court was concerned in those cases with the question of the right to custody of the juveniles there involved and not whether they were delinquent or neglected children. The rationale of those holdings is that the Juvenile Courts may not be employed by individuals, claiming custody of a child, as an instrumentality for the purpose of gaining that objective where no issue of delinquency or neglect is present.

Finally, counsel maintains that the court erred in ruling that the child was in need of its protection on her uncorroborated statement to the police. It is asserted that, since proceedings of this sort in the Juvenile Court are quasi criminal in their nature, it was error for the court to accept the unsupported statement of confession of the young girl to the police without other proof of the corpus delecti.

There is no substance in the proposition. This is not a criminal proceeding and the rules pertaining to such trials are wholly without application.

The judgment appealed from is affirmed.

FOURNET, C. J., absent.