367 So.2d 784 (1979)
STATE of Louisiana in the Interest of Kenneth BATISTE and David James Cormier.
No. 62821.
Supreme Court of Louisiana.
January 29, 1979.
*785 Robert L. Cole, Cole & Guidry, Lafayette Indigent Juvenile Defender, Lafayette, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Frances M. Gilfoil, Asst. Dist. Atty., for plaintiff-applicant.
DENNIS, Justice.[*]
The issue of law raised by this case is whether a child accused of having committed the crime of theft may be declared a delinquent child upon a finding that he committed the crime of unauthorized use of a movable.
A petition was filed in the juvenile court to have Kenneth Batiste and David James Cormier adjudged delinquent children, alleging that Batiste had committed theft of a bicycle on July 25, 1977 and that both juveniles had attempted to commit theft of another bicycle on August 28, 1977. After a hearing, the juvenile court declared both juveniles to be delinquent children, finding that they had attempted to commit theft of a bicycle and that Batiste had committed unauthorized use of another bicycle. Batiste was committed to the Department of Corrections and Cormier was placed on supervised probation.
On appeal, the Third Circuit Court of Appeal reversed the juvenile court judgments. We granted the State of Louisiana's petition to review the reversal in the Batiste case. 362 So.2d 798 (La.1978). The State did not apply for other relief, and accordingly the court of appeal judgment reversing the adjudication of delinquency as to David James Cormier is not before us.
*786 The court of appeal's reversal of the Batiste adjudication was based upon the following rationale: (1) "[J]uvenile hearings shall be conducted in accordance with the general rules of procedure in civil proceedings;" (2) "The provisions of the Code of Criminal Procedure are not applicable;" (3) "Since the provisions of the Code of Criminal Procedure are inapplicable, a verdict of guilty of unauthorized use of movables is not responsive . . . [and] . . . could not be a valid basis for an adjudication of delinquency." State of Louisiana in the Interest of Kenneth Batiste and David James Cormier, 359 So.2d 1077, 1079 (La.App.3d Cir. 1978).
At the time of the proceeding in the instant case, La.R.S. 13:1579 provided that a juvenile court hearing shall be conducted in accordance with the general rules of procedure used in civil proceedings. However, there was no statute expressly declaring criminal procedural laws inapplicable in juvenile court proceedings.[1]
Juvenile delinquency proceedings which may lead to commitment in a state institution must measure up to the essentials of due process and fair treatment accorded defendants in criminal prosecutions. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1977); State of Louisiana in the Interest of Andrew Leonard Dino, 359 So.2d 586 (La.1978). Hence, this Court has determined, for example, that a juvenile is constitutionally guaranteed a right to plead not guilty by reason of insanity and a right to a hearing to determine his mental capacity to assist in his defense. State in the Interest of Causey, 363 So.2d 472 (La.1978). Consequently, the statutory' implementation of these rights for criminal accuseds, La.C.Cr.P. arts. 641 et seq.; 650 et seq., is at least indirectly applicable to juvenile proceedings. Accordingly, the court of appeal's statement that all provisions of the Code of Criminal Procedure are inapplicable in juvenile cases is too sweeping.[2]
Moreover, even if we were to assume that the chapter on verdicts of the Code of Criminal Procedure has absolutely no application in juvenile proceedings, it does not follow that a juvenile judge is without statutory authority to adjudge a child to be a delinquent based on the commission of a lesser offense included within the charged crime. If a juvenile court finds that a child has committed a crime under a statute or an ordinance, it may adjudge the child to be a delinquent child. La.R.S. 13:1569(13) and (14); La.R.S. 13:1580. Although the petition in a juvenile proceeding must set forth with specificity the facts upon which the allegation of delinquency is based and cite the statute or ordinance which the child is alleged to have violated, La.R.S. 13:1574(C)(1), there is no statutory prohibition against an adjudication of delinquency based upon a finding that the child committed a lesser offense included within the crime alleged in the petition. The rule that an offender prosecuted for the greater offense may be convicted of any one of the lesser and included offenses was established long before the juvenile statutes. See, La. R.S. 14:5 and Reporter's Comment. In the absence of an express stipulation to the contrary, therefore, we conclude that the legislature intended for the same rule to apply in juvenile cases.
The court of appeal did not consider a more difficult constitutional question raised by this case: whether a child adjudged to *787 be delinquent, because of a lesser offense included within the crime alleged in the petition, has been denied the right to be informed of the nature and cause of the accusation against him. La.Const.1974, art. 1, § 13. In expounding upon the notice of the specific charge or factual allegations to be given a child and his parents or guardian in juvenile delinquency proceedings, as required by the Fourteenth Amendment due process guarantee, the Supreme Court, in In re Gault, supra, stated:
"* * * Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must `set for the alleged misconduct with particularity.' It is obvious, as we have discussed above, that no purpose of shielding the child from the public stigma of knowledge of his having been taken into custody and scheduled for hearing is served by the procedure approved by the court below. The `initial hearing' in the present case was a hearing on the merits. Notice at that time is not timely; and even if there were a conceivable purpose served by the deferral proposed by the court below, it would have to yield to the requirements that the child and his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation. Due process of law requires notice of the sort we have describedthat is, notice which would be deemed constitutionally adequate in a civil or criminal proceeding. It does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving them timely notice, in advance of the hearing, of the specific issues that they must meet. * * *" [footnotes omitted] 387 U.S. at 33-34, 87 S.Ct. at 1446-47, 18 L.Ed.2d at 549-50.
Because a juvenile who is alleged to have committed a serious crime is confronted with consequences not essentially different from those faced by adult criminal defendantsconfinement within the discretion of the juvenile judge under conditions similar to those in adult prisons; possible transfer to an adult prison;[3] social and economic stigma of indefinite durationhe is clearly entitled under the due process and adequate notice guarantees of our state constitution to be given timely written notice, in advance of the adjudicatory hearing, of the specific charge or factual allegations to be considered and the specific issues he must meet. La.Const.1974, art. 1, §§ 2, 13; See State of Louisiana in the Interest of Andrew Leonard Dino, 359 So.2d 586 (La.1978).
Consequently, the crucial issue of law which we must decide is whether the petition filed in the instant case provided adequate notice as required by the federal and state constitutions. It is not disputed that the juvenile and his parents were given a timely written notice of the hearing. The only issue which is in doubt is whether the notice was adequately informative. The petition, in pertinent part, stated:
"Kenneth Batiste did on July 25, 1977 commit theft of a Schwinn 27" bicycle valued at $78.00 belonging to Cully Firmin in violation of the provisions of R.S. 14:67."
Accordingly, Batiste, his parents and his attorney were notified in writing that the state would seek to prove that on July 25, 1977 he misappropriated or took a Schwinn *788 27" bicycle valued at $78.00 belonging to Cully Firmin without his consent, or by means of fraudulent conduct, practices or representations, and with an intent to deprive Firmin permanently of the bicycle. See La.R.S. 14:67. Further, Batiste, his parents and his attorney were placed on notice by the substantive criminal statutes of Louisiana that the crime of theft included all of the elements of the lesser included offense of unauthorized use of a movable. See La.R.S. 14:5, 67, 68.
At the hearing the juvenile judge determined that that state had proved all of the elements of the offense of theft except Batiste's intent to permanently deprive the owner of the bicycle. Thus, although a theft was not established, the facts educed by the state were sufficient, in the trial judge's opinion, to find that the juvenile had committed the lesser included offense of unauthorized use of a movable.
The petition filed against Batiste in this case set forth the charged offense as well as the specific allegations of misconduct which formed the basis for the charged offense. Because of the intimate legal and practical relationship between the charged crime, theft, and the lesser included offense of unauthorized use of a movable,[4] we conclude that the petition was sufficient to put the juvenile's defense on notice that it would be required to defend against the lesser included offense.
Counsel for the juvenile contends in the alternative, however, that if this Court should conclude there was no error in the juvenile court's consideration of the lesser offense as a proper ground for delinquency under the State's petition, the court of appeal judgment should be affirmed because the state failed to prove beyond a reasonable doubt that Batiste committed an unauthorized use of a movable. The contention has merit.
Except as otherwise provided by the constitution, this Court's jurisdiction in civil cases extends to both law and facts; in criminal matters, its appellate jurisdiction extends only to questions of law. La.Const.1974, art. 5, § 5(C). Juvenile delinquency proceedings do not fall within the category of criminal prosecutions, as is evident from long established jurisprudence, In re Tillotson, 225 La. 573, 73 So.2d 466 (1954); State v. David, 226 La. 268, 76 So.2d 1 (1955); State v. Smith, 209 La. 363, 24 So.2d 617 (1945); State ex rel. Caillouet v. Marmouzet, 111 La. 225, 35 So. 529 (1903), and the special juvenile provisions within the judiciary article of the constitution. La.Const.1974, art. 5, §§ 10, 18 and 19. Accordingly, since the constitution does not provide otherwise, the scope of review of this Court in juvenile delinquency proceedings extends to both the law and the facts. Cf. State in the Interest of Williams, 325 So.2d 854 (La.App.2d Cir. 1976).
In a juvenile proceeding no child may be adjudged to be delinquent in the absence of proof beyond a reasonable doubt that such condition exists. La.R.S. 13:1579.1. See In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Before a juvenile court may declare a child to be delinquent it must find that the child has committed a crime and that he is in need of care or rehabilitation. La.R.S. 13:1569(13) and (14). Consequently, the state must prove beyond a reasonable doubt both that the child has committed a crime and that the child is in need of care or rehabilitation in order to be entitled to have the child adjudged delinquent.
In reviewing the record in the instant case we find there is insufficient evidence *789 to support a finding beyond a reasonable doubt that Batiste committed the crime of unauthorized use of a movable. Batiste was arrested in a Lafayette city park in connection with another alleged offense which is not before us in this review. At the time of his arrest he was in possession of a bicycle which the police subsequently determined had been stolen from Cully Firmin thirty-four days before. In the juvenile court a friend of Batiste, Irvin Johnson, testified that he loaned, and later gave, the bicycle to Batiste. Johnson further testified that the bicycle was given to him by Derrick Gotch, who did not appear as a witness.
The lack of an intention to deprive the owner of the movable permanently is the factor which distinguishes unauthorized use of movables from theft. La.R.S. 14:68, Reporter's Comment. Accordingly, both theft and unauthorized use of movables require a misappropriation or taking by the culprit. See La.R.S. 14:67, 68. The defense stipulated that the bicycle had been taken from its owner, and the arresting officers testified that they found it in Batiste's possession. However, aside from the inference which possibly could be drawn from Batiste's possession, there was no evidence tending to prove that he took or misappropriated the bicycle. In opposition to the mere basis for possible inference provided by the state's evidence, Batiste presented unrefuted testimony from swornwitnesses that Batiste had not taken or misappropriated the bicycle, but that he had obtained the movable lawfully. From this evidence we conclude that the juvenile court was clearly in error in finding beyond a reasonable doubt that Batiste committed unauthorized use of the bicycle.[5]
For the foregoing reasons, the judgment of the court of appeal reversing the delinquency adjudication and order of commitment of Batiste, discharging him from custody, and dismissing the petition against him, is affirmed.
AFFIRMED.
NOTES
[*] Chief Judge William Culpepper participated in this decision as Associate Justice Ad Hoc sitting in the place of Chief Justice Sanders, retired.
[1] Compare Louisiana Code of Juvenile Procedure, art. 24 (effective January 1, 1979), which provides:

"The provisions of this Code, except as otherwise specially provided in the law being applied, shall govern and regulate the proceedings of courts exercising juvenile jurisdiction.
"Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with:
"(1) The Code of Criminal Procedure in a criminal trial of an adult; or
"(2) The Code of Civil Procedure in all other matters."
[2] It would be more precise to say that, except insofar as required to implement these and other rights constitutionally guaranteed to juveniles, the provisions of the Code of Criminal Procedure are inapplicable in juvenile proceedings. See, In re Tillotson, 225 La. 573, 73 So.2d 466 (1954); In re Braswell, 294 So.2d 896 (La.App.2d Cir. 1974); In re Tyler, 262 So.2d 815 (La.App. 4th Cir. 1972).
[3] At the time of Batiste's adjudication, La.R.S. 15:907(B) provided that a committed male juvenile of the age of fifteen years or over could be transferred from a juvenile institution to the Louisiana Correctional and Industrial School if it was determined that the juvenile was incorrigible or that such a transfer would be in the best interest of the institution or the public.

The Louisiana Correctional and Industrial School is used to incarcerate first-offender adult males who have been sentenced to the penitentiary and who are found to be suitable for rehabilitation. La.R.S. 15:1062. Since Batiste's adjudication, Act 497 of 1978 repealed La.R.S. 15:907(B).
[4] We note that unauthorized use of a movable is a responsive verdict to a charge of theft under La.C.Cr.P. art. 814(24). While not dispositive of the issue involved in the present case, the theory on which responsive verdicts is based is relevant. Responsive verdicts were originally permitted because it was determined that a defendant charged with the commission of a given crime would be put on notice by that charge to defend against a lesser and included offense of the same genus. See, e. g., State v. Cole, 158 La. 799, 104 So. 720 (1925); Comment, 5 La.L.Rev. 603, 609 (1944). The drafters of article 814 believed that a charge of theft would be sufficient to put a defendant on notice that he would be required to defend against a charge of unauthorized use of movables. La.C.Cr.P. art. 814, Official Revision Comment (c).
[5] Batiste's conduct more nearly coincides with the obsolete crime of "having" property which had been stolen, La.R.S. 1870, § 832, as amended by Acts 1898, No. 72; Acts 1938, No. 369, § 1, than with the present offense of unauthorized use of movables. The crime of "having" stolen property, which is no longer defined in Louisiana law, see La.R.S. 14:69, Reporter's Comment, included the possession of stolen goods where the possessor did not himself take the goods and might have originally acquired their possession without knowledge that they were stolen.