30 So.3d 220 (2010)
STATE of Louisiana in the Interest of T.T.
No. 2009-CA-1201.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 2010.
Tenee Felix, Juvenile Regional Services, New Orleans, LA, for T.T.
*221 Leon A. Cannizzaro, Jr., District Attorney, Alyson Graugnard, Assistant District Attorney, New Orleans, LA, for State of Louisiana.
(Court composed of Judge TERRI F. LOVE, Judge DAVID S. GORBATY, Judge ROLAND L. BELSOME).
TERRI F. LOVE, Judge.
This appeal arises from the simple battery and simple robbery of a man in Algiers. T.T.[1] was adjudged delinquent for allegedly being a principal in crimes committed by an adult. We find that the juvenile court judge did not err and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Ray Cancienne was riding his bicycle in Algiers Park when he was allegedly accosted by a group of four males. Jacorey Carter allegedly hit Mr. Cancienne in the back of the neck, which caused him to fall off his bicycle. When Mr. Cancienne attempted to pick up his bicycle, Mr. Carter struck him again and knocked him down. Mr. Carter then told Mr. Cancienne that the bicycle was theirs now. Mr. Cancienne then walked away to find help.
The police arrested three youths, including T.T., near the park. Mr. Cancienne identified T.T. as one of the juveniles with Mr. Carter during the commission of the crime. Mr. Cancienne's bicycle was also located and identified in a nearby canal. T.T. was charged with one count of simple battery, pursuant to La. R.S. 14:35, and one count of simple robbery, pursuant to La. R.S. 14:65. At a continued custody hearing, the juvenile court judge found probable cause as to the count of simple robbery, but not for the count of simple battery. T.T. denied his alleged guilt of the charged offenses. After trial, the juvenile court judge found T.T. guilty of one count of simple robbery and one count of simple battery. The juvenile court judge sentenced T.T. to one year in secured care for simple robbery and six months for simple battery with the sentences running concurrently. T.T.'s devolutive appeal followed.

SIMPLE ROBBERY/SIMPLE BATTERY
T.T. asserts that the juvenile court judge was presented with insufficient evidence to sustain an adjudication of simple robbery and simple battery.
"In order for the court to adjudicate a child delinquent, the state must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition." La. Ch.C. art. 883. "The criteria for evaluating sufficiency of evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all elements of the crime proved beyond a reasonable doubt." State in the Interest of D.M., 02-2528, p. 8 (La. App. 4 Cir. 7/2/03), 851 So.2d 1216, 1221, citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Appellate review of juvenile cases extends to law and fact. La. Const. Art. V, § 10(B); State in the Interest of Batiste, 367 So.2d 784 (La.1979). However, great deference is given to the juvenile court judge's fact findings and determinations of credibility. State in the Interest of D.L., 30,878, p. 3 (La.App 2 Cir. 6/24/98), 715 So.2d 623, 626.
"Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon." La. R.S. 14:65. *222 "Simple battery is a battery committed without the consent of the victim." La. R.S. 14:35. "Battery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another." La. R.S. 14:33. "All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals." La. R.S. 14:24.
However, mere presence at the scene is not enough to warrant adjudication as a principal. State v. Hampton, 98-0331, p. 13 (La.4/23/99), 750 So.2d 867, 880. "A principal may be connected only to those crimes for which he has the requisite mental state." Id.
As a general rule, "liability [as a principal] will not flow merely from a failure to intervene;" however, "silence in the face of a friend's crime will sometimes suffice when the immediate proximity of the bystander is such that he could be expected to voice some opposition or surprise if he were not a party to the crime."
State v. Bridgewater, 00-1529, pp. 11-12 (La.1/15/02), 823 So.2d 877, 891, quoting 2 Wayne R. LaFave and Austin W. Scott, Jr., Substantive Criminal Law § 6.7(a)(1986).
Mr. Cancienne testified that T.T. was with the nearby group of juveniles who were "kind of jumping around" and "doing some kind of jigger bug or something" when Mr. Carter allegedly struck Mr. Cancienne. Mr. Carter allegedly told Mr. Cancienne that "this is our park" and "that's our bike." Mr. Cancienne further stated that the juveniles did not intervene. He testified that T.T. was about three yards from Mr. Carter. While T.T. allegedly never approached or struck Mr. Cancienne, Mr. Cancienne testified that he was waiting for the juveniles, including T.T., to "join in" and thought that they were going to "get into the action."
The juvenile court judge found T.T. guilty because he determined that T.T. was a principal. The juvenile court judge stated that "this type of crime doesn't require a whole lot action [sic] by the other principals . . . [a]ll you have to do is stand there and wait for him to get knocked to the ground and once he's knocked to the ground you take the bike and you roll on."[2]
The juvenile court judge was in the best position to judge the credibility of the witnesses. Given that Mr. Cancienne testified that he thought T.T. might join in with Mr. Carter, that T.T. was allegedly dancing around and/or joking around within nine feet of Mr. Carter while Mr. Carter struck Mr. Cancienne, and that the police stated that the bicycle was discovered in a canal near the juveniles, we do not find that the juvenile court judge erred in finding that T.T.'s behavior constituted more than a mere presence at the scene. Viewing the evidence in a light most favorable to the prosecution, we find that the juvenile court judge did not err by adjudicating T.T. delinquent.

DECREE
For the above mentioned reasons, we do not find that the juvenile court judge erred and affirm.
AFFIRMED.
NOTES
[1] Pursuant to Uniform Rules of the Courts of AppealRules 5-1 and 5-2, the initials of the juvenile are used in this opinion in lieu of his name.
[2] The juvenile court judge also noted that the crime occurred during the school day and that T.T. was on probation when Mr. Cancienne was attacked and robbed.