BONIN, J.,
Concurs with Reasons.
| ,1 respectfully concur in the result. I write separately to emphasize that the proper standard of review of an adjudication in a delinquency proceeding is, as provided by Louisiana Const, art. V, § 10 B, civil, not criminal. See State in the Interest of Batiste, 367 So.2d 784, 788 (La.1979). The Louisiana Supreme Court there decided that
Except as otherwise provided by the constitution, this Court’s jurisdiction in civil cases extends to both law and facts; in criminal matters, its criminal jurisdiction extends only to questions of law. La. Const. 1974, art. 5, s. 5(C). Juvenile delinquency proceedings do not fall within the category of criminal prosecutions, as is evident from long established jurisprudence ..., and the special juvenile provisions within the judiciary article of the constitution. La. Const. 1974, art. 5, ss. 10, 18 and 19. Accordingly, since the constitution does not provide otherwise, the scope of review of this court in juvenile delinquency proceedings extends to both the law and the facts, (emphasis supplied)
See also In re C.B., 97-2783, p. 17 (La.3/4/98), 708 So.2d 391, 400 (“The hallmark of special juvenile procedures is their non-criminal nature.”).
Therefore, an appellate court in delinquency proceedings reviews both law and facts in properly evaluating the sufficiency of the evidence for an adjudication of a child as a delinquent. The civil standard of review in Louisiana is manifestly |2erroneous or clearly wrong, and the Batiste court applied that standard: “From this evidence we conclude that the juvenile court was clearly in error in finding beyond a reasonable doubt that Batiste committed unauthorized use of the bicycle.” Batiste, 367 So.2d at 788 (emphasis supplied).
The constitutionally required standard of proof in a delinquency proceeding is “beyond a reasonable doubt.” In re Winship, 397 U.S. 358, 368, 90 S.Ct. 1068, 25 *5 L.Ed.2d 368 (1970). The United States Supreme Court stated:
It is true, of course, that the juvenile may be engaging in a general course of conduct inimical to his welfare that calls for judicial intervention. But that intervention cannot take the form of subjecting the child to the stigma of a finding that he violated a criminal law and to the possibility of institutional confinement on proof insufficient to convict him were he an adult.
Id. at 367, 90 S.Ct. 1068. Moreover, a child in Louisiana enjoys state statutory protection to the same effect: “In order for the court to adjudicate a child delinquent, the state must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition.” La. Ch.C. art. 883. Under the federal constitution, a child is entitled, at a minimum, to a review of his adjudication for sufficiency of the evidence under the standard established by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979):
This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder’s role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon “jury” discretion only to the extent necessary to guarantee the fundamental protection of due process of law.
Jackson, 443 U.S. at 319, 99 S.Ct. 2781 (emphasis in original). This standard of review for sufficiency is more deferential than Louisiana’s “clearly wrong” standard of review.
States are free to provide broader protections to their citizens than those provided by the federal constitution. See, e.g., Cooper v. California, 386 U.S. 58, 62, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967).
I concur because, applying the proper, but less deferential standard of review to the sufficiency of the evidence, I find that the juvenile judge was not clearly wrong and was reasonable in adjudicating S.O. a delinquent.