ROLAND L. BELSOME, Judge.
|) This appeal challenges the judgment adjudicating R.H. delinquent of one count simple assault and one count simple battery. For the reasons that follow we vacate in part and affirm.
On the evening of February 9, 2011, the police were called to the home of Ms. Shantell Hampton. Ms. Hampton claimed that earlier her son, R.H. and daughter, Robertnique had gotten into an altercation. At that time, she summoned both children into her bedroom and reprimanded them for fighting. Then, R.H. began to talk back and argue with his mother, refuting his sister’s account of the incident. In an attempt to discipline R.H., Ms. Hampton followed R.H. out of her bedroom armed with an extension cord. As R.H. retreated to his bedroom, Ms. Hampton began hitting him with the extension cord. R.H. managed to take the extension cord away from his mother who then began hitting him with her fists. Next, R.H. grabbed his mother by the wrists and pushed her on the bed.
During the police officers’ investigation, R.H. explained that he and his sister had gotten into a fight. Robertnique claimed that R.H. was the aggressor and Rhe hit her without provocation. R.H. claimed that she hit him first and he retaliated. That was when she yelled to her mother and both children were called into the bedroom.
*392 After hearing the testimony of the investigating officer, Ms. Hampton, R.H., and Robertnique, the judge found sufficient evidence to adjudicate R.H. delinquent on one count simple battery against his sister and one count simple assault against his mother. The judge entered a disposition of commitment to the Department of Public Safety for a period of ninety days for the simple battery and six months for the simple assault to run consecutively.
On appeal R.H. contends that the evidence was insufficient to adjudicate him of the charges and alternatively, that the sentences were excessive because they were to run consecutively.
R.H. was originally charged with two counts of domestic abuse battery, a violation of LSA-R.S. 14:35.3.[1] After hearing the testimony of the witnesses, the judge determined that the evidence was sufficient to establish one count of simple battery and one count of simple assault.
|oOn appellate review, the evidence will be deemed sufficient if it establishes each and every element of the crime beyond a reasonable doubt. When the sufficiency of the evidence is challenged in a juvenile delinquency case, the scope of review extends to the law and the facts. State in the Interest of Batiste, 367 So.2d 784, 788 (La.1979); State in Interest of D.M., 11-0462 (La.App. 4 Cir. 11/2/11), 80 So.3d 18; State in the Interest of T.H., 2010-0962 (La.App. 4 Cir. 11/24/10), 52 So.3d 275; State in the Interest of D.R., 2010-0405 (La.App. 4 Cir. 10/13/10), 50 So.3d 927. Therefore, this Court applies the manifest error/clearly wrong standard of review to the juvenile court judge’s determinations. See Id.
On the first count, the judge found that the State made the requisite showing to prove that R.H. committed simple battery against his sister. Simple battery is the intentional use of force or violence committed without the consent of the victim. La. R.S. 14:35.
At trial, Robertnique testified that R.H. began harassing her and calling her names as soon as she got home from school. While she was in the kitchen on the phone she claimed that R.H. said, “I’ll punch you in your back.” She replied, “do it” and he did. Robertnique immediately went to her mother’s bedroom to inform her of what had happened.
When R.H. took the stand, he testified that he was on the computer when his sister arrived home from school. He claims that as soon as Robertnique walked in she said “I’m about to come up by the *393 computer.” R.H. told her, “you better go ahead”, but she kept moving towards him. Robertnique tried to unplug the computer, but R.H. stopped her. According to R.H., Robertnique then unplugged a |4lamp and swung it at him. Then he hit her. He stated that Robertnique ran to their mother’s bedroom after he hit her.
Although the account of the events leading up to R.H. hitting his sister differs, it is undisputed that the hitting occurred. R.H. suggests that by his sister saying “do it” she was giving him consent and therefore the incident does not meet the definition of a simple battery. However, we do not find that Robertnique consented to the hitting. When, as here, there is conflicting testimony about factual matters, and the factfinder makes a credibility determination, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 94-1895 (La.App. 4 Cir. 9/15/95), 661 So.2d 1078. It is not the function of this Court to assess credibility or reweigh the evidence. State v. Rosiere, 488 So.2d 965 (La.1986). Thus, we find the record supports the juvenile court judge’s adjudication on the simple battery charge.
In order for the State to prove the charge of simple assault against Ms. Hampton, it must establish that R.H. attempted to commit a battery, or intentionally placed his mother in apprehension of receiving a battery. La. R.S. 14:36.[2] Based on the testimony of both R.H. and Ms. Hampton, R.H. never attempted to strike Ms. Hampton. He grabbed her fists as she was punching him in the face and pushed her away from him and onto the bed. The testimony establishes that R.H. simply stopped his mother from beating him, first with an electrical cord and then with her fist. La. R.S. 14:19[3] allows for the use of force against a person when committed for the purpose of preventing a forcible offense, |fiso long as the force in reasonable and necessary. Under these circumstances we find that R.H. used a reasonable amount of force to protect himself.
A review of the law and the facts in this matter do not support the juvenile court judge’s adjudication of R.H. for simple assault. This Court therefore finds that the judge’s adjudication of R.H. for simple assault is manifestly erroneous. Accordingly, R.H.’s adjudication and sentence for the simple assault are hereby vacated.
In sum, R.H.’s adjudication and disposition for simple assault is vacated and his adjudication and disposition for simple battery is affirmed.
VACATED IN PART AND AFFIRMED

. LSA-R.S. 14:35.3, Domestic abuse battery reads in pertinent part:
A. Domestic abuse battery is the intentional use of force or violence committed by one household member upon the person of another household member.
⅜ ⅝ ⅝ 5⅜ ⅜ ⅜
C. On a first conviction, notwithstanding any other provision of law to the contrary, die offender shall be fined not less than three hundred dollars nor more than one thousand dollars and shall be imprisoned for not less than thirty days nor more than six months. At least forty-eight hours of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. Imposition or execution of the remainder of the sentence shall not be suspended unless either of the following occur:
(1) The offender is placed on probation with a minimum condition that he serve four days in jail and participate in a court-approved domestic abuse prevention program, and the offender shall not own or possess a firearm throughout the entirety of the sentence.
(2) The offender is placed on probation with a minimum condition that he perform eight, eight-hour days of court-approved community service activities and participate in a court-approved domestic abuse prevention program, and the offender shall not own or possess a firearm throughout the entirety of the sentence.

. La. R.S. 14:36 provides a definition for assault, while La. R.S. 14:38 states that a simple assault is an assault committed without a weapon.

. La. R.S. 14:19 — Use of force or violence in defense.