MADELEINE M. LANDRIEU, Judge.
_JjR.W., a juvenile, appeals the judgment of the juvenile court adjudicating him a delinquent. He alleges that the evidence was insufficient to establish the offense of domestic abuse. For the reasons that follow, we affirm the adjudication and disposition.
FACTS AND PROCEEDINGS BELOW
On February 22, 2013, the State filed a petition charging R.W., then seventeen years old, with simple battery, a violation of La. R.S. 14:35, and domestic abuse battery, a violation of La. R.S. 14:35.3.[1] R.W. entered a plea of not guilty and proceeded to trial on May 22, 2013.
The only witness to testify at trial was R.W.’s mother, M.N., who was the alleged victim in the domestic abuse battery matter. Trial was recessed after M.N.’s testimony on May 22, 2013 so that the State could obtain and introduce into evidence the 911 tape recording of the call made by M.N. on the date of the incident and so that the State could call a police officer upon whom service had not | ?been successful. When the trial resumed on July 18, 2013, the police officer was not called to testify, and M.N. was, again, the only witness to take the stand. During M.N.’s testimony on that date, the State introduced the 911 tape recording into evidence over the objection of defense counsel after M.N. positively identified her voice.
At the conclusion of M.N.’s testimony, the juvenile court adjudicated R.W. delinquent as to both counts. R.W. and the State agreed that the evidence did not support a finding of simple battery. The juvenile court modified its judgment, finding R.W. delinquent only on the domestic abuse battery charge.[3] After the delays were waived, the juvenile court imposed a disposition consisting of placement with Department of Public Safety and Corrections for thirty days. This appeal followed.
DISCUSSION
In this appeal, R.W. maintains that the juvenile court erred in finding that the State established the elements for adjudicating him delinquent of domestic abuse battery. His argument focuses largely on M.N.’s testimony at trial that she had initiated the altercation and that R.W. had “shoved her back” only after she “punched him and shoved him.” R.W. argues that his actions were justified pursuant to La. R.S. 14:18,[4] based on M.N.’s repeated testi-
*191 This Court recently reiterated an appellate court’s standard of review in State in the Interest of J.J., 13-0548, pp. 2-3 (La.App. 4 Cir. 9/25/13), 125 So.3d 1248, 1250:
In order to adjudicate a child delinquent, the State must prove beyond a reasonable doubt that the child committed the delinquent act alleged in the petition. La. Ch.C. art. 883. The standard for the State’s burden of proof in a juvenile delinquency proceeding is “no less strenuous then. the standard of proof required in a criminal proceedings against an adult.” State in the Interest of J.W., p. 3 (La.App. 4 Cir. 6/6/12), 95 So.3d 1181, 1184. As a court of review, we grant great deference to the juvenile court’s factual findings, credibility determinations, and assessment of witness testimony. State ex rel. W.B., 2008-1458, p. 1 (La.App. 4 Cir. 4/22/09), 11 So.3d 60, 61.
In evaluating the sufficiency of evidence to support a conviction an appél-late court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State in the interest of T.E., 2000-1810, p. 4 (La.App. 4 Cir. 4/11/01), 787 So.2d 414, 417, citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Jackson standard of review is applicable in juvenile delinquency cases. Id.
We recognize while “delinquency proceedings may in many ways implicate criminal proceedings, sometimes even -mimicking them, they are nonetheless civil in nature,” and as such, “a factual finding made by a trial court in a juvenile ^adjudication may not be disturbed by an appellate court unless the record evidence as a whole does not furnish a basis for it, or it is clearly wrong.” State in the Interest of J.J., 13-0548, p. 3, 125 So.3d 1248, 1250 (Emphasis in original) (Citations omitted).
In this matter, R.W. was adjudicated delinquent for a violation of La. R.S. 14:35.3, which defines “domestic abuse battery” as “the intentional use of force or violence committed by one household member upon the person of another household member.” In his brief, R.W. does not argue that the State failed to prove he intentionally used force or violence on his mother, but that his actions were justified.
According to M.N.’s testimony, on January 7, 2013, she and R.W. were arguing, and she asked him to leave the house. After he refused to leave the house, a physical altercation began. M.N. attempted to push R.W. out of the house. On the 911 recording, M.N. tells the operator she had to bite R.W. in order to “get him off of [her].” Two younger siblings intervened to prevent the altercation from escalating.
Based on the testimony of M.N., the 911 tape, and a review of the record in its entirety, the juvenile court adjudicated R.W. delinquent of domestic abuse battery. We cannot say this adjudication is clearly wrong. M.N.’s statement on the 911 call, in itself, is sufficient to provide a rational *192 basis for the trial court’s finding that R.W. intentionally used force or violence upon his mother. The fact that M.N. had to bite her son to get him off of her permits a rational inference that R.W. was fusing force or violence. Moreover, it was the province of the trial court to assess the credibility of M.N. when she testified at trial.
Viewing the evidence in the light most favorable to the prosecution, we cannot say that no rational trier of fact could have found R.W. guilty of domestic abuse battery beyond a reasonable doubt. Therefore, we decline to disturb the judgment of the juvenile court.
CONCLUSION
For the reasons stated above, we affirm the juvenile court’s adjudication and disposition.
AFFIRMED.
DYSART, J., Dissents.
DYSART, J., Dissents.
|,I disagree with the majority’s conclusion that the State met its burden in proving the elements of domestic abuse battery. Despite the State’s repeated efforts to elicit testimony from M.N. that R.W. used “force or violence” against her, the record before us does not support such a finding. No police officer was called to testify as to what M.N. may have said on the date of the incident and the police report was not admitted into evidence. While the State questioned M.N. about certain statements she allegedly made to the police on that date, M.N. denied making all of those statements.
The record is devoid of any evidence substantiating the charge that R.W. used force or violence against M.N. pursuant to La. R.S. 14:35.3A. For these reasons, I would reverse the adjudication and disposition.

. The simple battery charge related to an incident which allegedly took place on December 9, 2011, while the domestic abuse battery charge concerned an alleged incident on January 7, 2012.

. The only testimony elicited at trial concerned the January 7, 2012 incident. No evidence was adduced as to the December 9, 2011 incident.

. La. R.S. 14:18 provides in pertinent part:
The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. This defense of justification can be claimed under the following circumstances ...
(7) When the offender’s conduct is in defense of persons or of property under any of *191 mony that R.W. was defending himself against her. the circumstances described in Article 19 through 22.
Article 19A, referenced therein, provides that [t]he use of force or violence upon the person of another is justifiable when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person’s lawful possession, provided that the force or violence used must be reasonable and apparently necessary to prevent such offense ...