EDWIN A. LOMBARD, Judge.
|;The juvenile, T.S.,[1] appeals, arguing that the evidence adduced at trial is insufficient to support her adjudication as a delinquent for illegally carrying a dangerous weapon onto school property in violation of La.Rev.Stat. 14:95.2. After review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the juvenile court.

Relevant Facts and Procedural History

On November 1, 2012, during an altercation with other students in the hallway of Crescent Leadership Academy, T.S. attempted to pull a knife out of her wrist cast but it fell to the ground and was retrieved by Leonard Kelly, a school employee. T.S. was subsequently arrested and on April 15.2013, charged by petition with one count of illegally carrying a weapon by a student in violation of La.Rev.Stat. 14:95.2.
After a hearing on January 9, 2014, T.S. was found guilty as charged and adjudicated a delinquent. After a disposition hearing on February 13, 2014, the juvenile court committed T.S. to the Department of Public Safety and Corrections for a period of time not to exceed six months, then suspended the commitment and |2placed T.S. on active probation under the supervision of the Office of Juvenile Justice for a period of six months.
This appeal was timely filed.

Applicable Law

La.Rev.Stat. 14:95.2(A) provides in pertinent part: Carrying a firearm, or dangerous weapon as defined in R.S. 14:2, by a student or nonstudent on school property ... is unlawful and shall be defined as possession of any firearm or dangerous weapon, on one’s person, at any time while on a school campus....

Standard of Review

Although the State’s burden of proof in a juvenile proceeding is the same as in a criminal proceeding, delinquency proceedings are civil in nature and our scope of review extends to both law and facts. State in the Interest of Batiste, 367 So.2d 784, 788 (La.1979). As such, however, “a factual finding made by a trial court in a juvenile proceeding may not be disturbed unless the record evidence as a whole does not furnish a basis for it, it or is clearly wrong.” State in the Interest of R.W., 13-1197, pp. 3-4 (La.App. 4 Cir. 4/9/14), 140 So.3d 189, 191 (quoting State in the Interest of J.J, 13-0548, pp. 2-3 (La.App. 4 Cir. 9/25/13), 125 So.3d 1248, 1250); see also In re A.J.F., 00-0948 (La.6/30/00), 764 So.2d 47, 61 (“an appellate court cannot set aside a juvenile court’s findings of fact in the absence of manifest error or unless those findings are clearly wrong”); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989) (“if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently”). Thus, even *20 where there are two permissible views of the evidence, the fact finder’s choice cannot be clearly wrong and an appellate court may not |ssubstitute its opinion for that of the juvenile court judge “who is in the unique position to see and hear witness as they testify.” In re A.J.F., 764 So.2d at 62.
Because juvenile proceedings are civil in nature, sufficiency of the evidence claims are reviewed under both the “rational fact-finder” standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and the “clearly wrong/manifest error” standard of Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). See State in the Interest of Baptiste, 367 So.2d 784, 788 (La.1979).

Discussion

On appeal, counsel for T.S. argues that the evidence is insufficient to support the adjudication under La.Rev.Stat. 14:95.2 because the State failed to show that T.S. used the knife in such a way that death or great bodily harm was likely. Specifically, counsel points out that La.Rev.Stat. 14:95.2 provides that it is unlawful for a student to possess any firearm or dangerous weapon at school and, in turn, La.Rev. Stat. 14:95.2(3) defines a dangerous weapon as an instrumentality that “in the manner used, is calculated or likely to produce death or great bodily harm.” Thus, counsel argues that because the knife is not a firearm, the State was obligated to show that T.S. “ ‘used’ the knife in such a way that death or great bodily harm was likely.” In addition, counsel argues that an adjudication in this case “poses a real threat to anyone who has ever carried a pocketknife ... in their booksack from home to school” and that the legislature did not intend to “criminalize the carrying of a normal every day implements or school supplies to school.”
Counsel’s argument is clever but not persuasive in this case. The evidence adduced at the delinquency hearing is as follows. Mr. Kelly testified that that he observed T.S. and six other girls “fussing at each other” in the school hallway. He |4saw one of the girls “trying to attack” T.S. and, in response, saw T.S. “just pulling out the knife” which fell to the ground. Mr. Kelly picked it up and turned it over to other school personnel. Mr. Kelly confirmed that the incident occurred on school premises and that T.S. was a student.
On cross-examination, Mr. Kelly indicated that the other girls were surrounding and pushing towards T.S. and he was rushing over to help her when she withdrew the folded pocketknife from her wrist cast. He stated that the blade of the knife was never exposed because it fell immediately to the ground and T.S. did not attempt to open the blade or attack anyone with the knife.
Office Abram Pedesclaux, the School Resource Officer of the Fifth District, New Orleans Police Department (NOPD) also testified. Officer Pedesclaux was called to the school after the incident where he arrested T.S., and received the pocket knife from the school social worker. He identified the pocket knife (marked as State’s Exhibit 1) as the item he recovered in relation to this case. He stated that in previous investigations he had seen knives similar to the one recovered in this incident used to inflict serious injury.
No witnesses testified for the defense.
Although pocket knives have many innocent uses, they are not in the category of “standard school supplies.”[2] The juvenile *21 in this case was not carrying the knife in a school backpack with other school supplies but, rather, concealed the knife within her wrist cast. She did not take the knife out of a backpack in the course of a normal school day but, rather, withdrew it from her wrist cast in the midst of a confrontation with other students. Therefore, even accepting arguendo | ¡¿hat a pocketknife is not a dangerous weapon per se for purposes of La. 14:95.2(A), the circumstances of this case clearly indicate that the juvenile intended to use it as one. Accordingly, viewing the viewing under both the “rational fact-finder” standard of Jackson v. Virginia and the “clearly wrong/manifest error” standard of Rosell v. ESCO, we find the evidence sufficient to support the delinquency adjudication in this case.

Conclusion

The judgment of the juvenile court is affirmed.
AFFIRMED.

. In accordance with the custom of this court, we the juvenile is referred to only by her initials.

. Notably, pocket knives are on the standard list of items that cannot be carried onto an airplane since 9/11.