EDWIN A. LOMBARD, Judge.
liThe juvenile, R.D.,[1] appeals, arguing that the evidence adduced at trial is insufficient to support her adjudication as a delinquent for illegally carrying a dangerous weapon onto school property in violation of La.Rev.Stat. 14:95.2. After review of the record in light of the applicable law and arguments of the parties, the judgment of the juvenile court is affirmed.

Relevant Facts and Procedural History

On December 6, 2013, a random search with a metal-detector wand by a security guard at the juvenile’s public school in New Orleans revealed that the juvenile was carrying a knife with a three-inch blade, a razor blade and a can of mace concealed in her chest area. The police were called, the juvenile was arrested and the items were confiscated. On December 11, 2013, the juvenile was charged by petition with one count of illegally carrying a weapon by a student in violation of La. Rev.Stat. 14:95.2. The juvenile was found guilty as charged and adjudicated a delinquent on May 13, 2014. After a disposition hearing on July 1, 2014, the juvenile court ordered that the juvenile be place on inactive probation with special conditions for a period of six months. This appeal was timely filed.
| Applicable Law
La.Rev.Stat. 14:95.2(A) provides in pertinent part: “Carrying a firearm, or dangerous weapon as defined in R.S. 14:2, by a student or nonstudent on school property ... is unlawful and shall be defined as possession of any firearm or dangerous weapon, on one’s person, at any time while on a school campus.... ”

Standard of Review

Because juvenile proceedings are civil in nature, sufficiency of the evidence claims are reviewed under both the “rational fact-finder” standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and the “clearly wrong/manifest error” standard of Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). State in the Interest of T.S., 14-0403, p. 1 (La.App. 4 Cir. 9/3/14), 150 So.3d 18 (the State’s burden of proof in a juvenile proceeding is the same as in a criminal proceeding, but because delinquency proceedings are civil in nature and our scope of review, extends to both law and facts, “a factual finding made by a trial court in a juvenile proceeding may not be disturbed unless the record evidence as a whole does not furnish a basis for it, or it is clearly wrong”) (citing State in the Interest of R.W., 13-1197, pp. 3-4 (La.App. 4 Cir. 4/9/14), 140 So.3d 189, 191); In re A.J.F., 00-0948, p. 25 (La.6/30/00), 764 So.2d 47, 61 (“an appellate court cannot set aside a juvenile court’s findings of fact in the absence of manifest error or unless those findings are clearly wrong”); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989) (“if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the' court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently”). Accordingly, even where there are two permissible views of the evidence, the fact finder’s choice cannot be clearly wrong and an appellate court may not substitute [aits opinion for that of the juvenile court judge “who is in the unique position to see and hear witnesses as they testify.” In re A.J.F., 00-948, p. 26, 764 So.2d at 62.

*938
Discussion

On appeal, counsel for R.D. argues that the evidence is insufficient to support the adjudication under La.Rev.Stat. 14:95.2 because the State failed to show that R.D. used the knife in such a way that death or great bodily harm was likely. According to R.D.’s counsel, because La.Rev.Stat. 14:95.2 provides that it is unlawful for a student to possess any firearm or dangerous weapon at school and, in turn, La.Rev. Stat. 14:2(A)(3) defines a dangerous weapon as an instrumentality that “in the manner used, is calculated or likely to produce death or great bodily harm,” as the knife is clearly not a firearm, the State was obligated to show that R.D. “used” the knife in such a way that death or great bodily harm was likely. Specifically, counsel asserts that the adjudication in this case “poses a real threat to anyone who has ever carried a pocketknife ... in their booksack from home to school” and that the legislature did not intend to “criminalize the carrying of normal every day implements or school supplies to school.”
The following relevant evidence was adduced at the delinquency hearing: Mr. Tyronne Williams, a security guard employed at McDonough 42 on December 6, 2013, testified that he conducted a random search of the students at about 12:30 p.m. Mr. Williams’ search of R.D. with a metal detector wand resulted in the discovery of a knife, utility blade and a can of mace concealed in the chest area of the her clothes. Mr. Williams acknowledged that R.D. was not the target of the search and that, prior to the search, he had received no information indicating that she was in possession of contraband or that she had broken any school rules.
|4Sergeant Leonard Davis, a New Orleans Police Department (NOPD) officer, working a detail at the school on December 6, 2013, identified items submitted by the State as evidence in this case (including two knives, a utility blade, and a can of dog repellent) as items he collected from the school when he was working a detail at the school on that date. He testified that all of the items could be dangerous weapons. Sergeant Davis acknowledged that he did not see where or from whom the-items were recovered and, specifically, never saw R.D. with any of the items he recovered from the school.
The defense presented no witnesses.
Notably, the defense’s argument in this case is remarkably similar to that raised and rejected in State in the Interest of T.S., supra. As previously noted, pocket knives and utility blades are not allowed on airplanes and, although innocent uses exist, these items cannot be dismissed as “standard school supplies.” In any event, R.D. was not carrying her knife or utility blade in a school backpack with other school supplies but, rather, had the items concealed under her clothes. Therefore, even accepting arguendo that a pocketknife or utility blade is not a dangerous weapon per se for purposes of La. 14:95.2(A), the concealment of the items on her person suggests that the juvenile foresaw using them as such. Accordingly, after viewing the evidence under both the “rational fact-finder” standard of Jackson v. Virginia and the “clearly wrong/manifest error” standard of Rosell v. ESCO, we find that the evidence is sufficient to support the delinquency adjudication in this case.

Conclusion

The judgment of the juvenile court is affirmed.
AFFIRMED.

. In accordance with the custom of this court, the juvenile is referred to only by her initials.