ROLAND L. BELSOME, Judge.
_JjThe State appeals the juvenile court’s judgment granting the defendant’s motion to dismiss the petition. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

The juvenile defendant, J.E., was charged with one count of domestic abuse battery against her mother in violation of La. R.S. 14:35.3. She appeared to answer the petition and entered a denial of the allegations. Thereafter, defense counsel filed a motion to challenge competency, due to various emotional and mental issues. Initially, the juvenile court deemed the defendant incompetent, and ordered that competency restoration services.were to begin immediately. While the competency evaluations were still underway, defense counsel filed a motion to dismiss the charges on the grounds that the victim, J.E.’s mother, did not wish to pursue charges due to her daughter’s fragile mental condition and that dismissal was required under the Children’s Code. After the defendant successfully completed the competency restoration program, she was re-evaluated and deemed competent by the juvenile court. Before the adjudication hearing commenced, the juvenile court heard and granted the defendant’s motion to dismiss the petition. This appeal followed.

J¡MOTION TO DISMISS THE APPEAL

As a preliminary matter,' the defendant has filed a motion to dismiss the State’s appeal with this Court for its failure to file a timely brief. The State opposed the motion and filed a brief, asserting that the briefing schedule did not indicate that it was the State’s appeal; therefore, it mistakenly believed that it was the appellee. The State further indicated that it normally reviews the criminal district court docket master to confirm its appeals; however, this was not possible in this juvenile proceeding. The State argues that dismissal would not be a commensurate sanction for the infraction.
Uniform Rules for Court of Appeal, Rule 2-12.12 states: “If the brief on behalf of *1067 any party is not filed by the date that the brief is due, the party’s right to oral argument shall be forfeited. The court may also impose other sanctions including, but not limited to, dismissal of the appeal when the appellant does not file a brief as provided for in Rule 2-8.6.”[1] Rule 2-8.6 provides for the dismissal of an appeal, if a brief has not been filed within thirty days after the clerk has transmitted notice thereof to the appellant.
In the instant matter, the State’s brief was due on September 8, 2014; however, its brief was filed on October 8, 2014. Thus, in accordance with Rule 2-12.12, the State’s right to oral argument shall be forfeited. This appeal cannot be dismissed under Rule 2-8.6 since the State filed its brief on October 3, 2014, within |athirty days of the due date of the original brief and before the clerk transmitted a notice of abandonment. See Keating v. Cambre, 420 So.2d 1355 (La.App. 5th Cir.1982) (in accordance with rules of Courts of Appeal, appellants’ late filing of their brief required forfeiture of oral argument but did not mandate dismissal of the appeal).
For the reasons assigned, the motion to dismiss the State’s appeal is denied.

DISCUSSION

The sole issue before this Court is whether the juvenile court erred in granting the defendant’s motion to dismiss the petition. When determining whether the juvenile court correctly dismissed the petition against J.E., we look to La. Ch.C. arts. 875 and 876, which set forth the bases for dismissing a petition.
La. Ch.C. art. 875 provides:
A. All objections to the proceedings, including objections based on defects in the petition and defenses capable of determination as a matter of law, may be raised by motion to dismiss.
B. Upon a finding of grounds to dismiss the petition as provided for in Paragraph A of this Article, the court shall order that the petition be dismissed.
Additionally, the court must dismiss the petition on motion of the district attorney. La. Ch.C. art. 876. A juvenile court is vested with broad discretion to arrive at solutions balancing the needs of the child with interests of society. State ex rel. S.R., 08-785, pp. 4-5 (La.App. 4 Cir. 10/8/08), 995 So.2d 63 (citing State in the Interest of R.W. and N.W., 97-0268 (La.App. 4 Cir. 4/16/97), 693 So.2d 257).
In the instant case, the record reflects that the defendant was hospitalized after a suicide attempt. Consequently, defense counsel filed a motion to challenge competency, which required three evaluations. The first doctor found her ^competent. The second doctor found her incompetent. The juvenile court then appointed a third doctor, who found the defendant “competent and in need of psychoactive medication.” After the third evaluation, the juvenile court deemed the defendant competent. By this time, defense counsel had filed a motion to dismiss on the grounds that the defendant’s moth *1068 er no longer wished to pursue charges due to the defendant’s mental fragility and her progress with medication. Citing to La. Ch.C. art. 101,[2] counsel argued, in his motion, that the charges should be dismissed as there was no longer a necessity for State intervention, and pursuing the charges posed a threat to the balance established as a result of the defendant’s hospitalization, in contravention of the Children’s Code.[3] Given these circumstances, we find that there were sufficient legal grounds to dismiss the petition. Thus, we cannot say that the juvenile court abused its broad discretion in granting the defendant’s motion to dismiss.
| .-.Although not pertinent to this case based on our findings, we write further to discuss the application of the domestic abuse statute.
La. R.S. 14:35.3 states, in pertinent part:
A. Domestic abuse battery is the intentional use of force or violence committed by one household member upon the person of another household member.
[[Image here]]
(4) “Household member” means any person of the opposite sex presently living in the same residence or living in the same residence within five years of the occurrence of the domestic abuse battery with the defendant as a spouse, whether married or not, or any child presently living in the same residence or living in the same residence within five years immediately prior to the occurrence of domestic abuse battery, or any child of the offender regardless of where the child resides.
A reading of the statute reveals that adult members of the household are not contemplated as victims unless the abuse is between members of the opposite sex living together as spouses. Such a literal interpretation of the term “household member” leads to absurd consequences. For instance, it does not contemplate household members of the same sex, living as spouses, nor does it contemplate the situation in this case, where the child is the perpetrator and the adult parent is the victim. Though it appears that the definition of household member has been expanded in practice, see State in Interest of R.W., 13-1197 (La.App. 4 Cir. 4/9/14), 140 So.3d 189 (where this Court affirmed the domestic abuse battery adjudication of a male juvenile, whose victim was his mother), we would be remiss in *1069 failing to mention that the domestic abuse battery statute requires revision.

CONCLUSION

For the foregoing reasons, the juvenile court’s ruling is affirmed.
AFFIRMED.

. Uniform Rules, Ct of Appeals, Rule 2-8.6 states: "For civil appeals, if an appellant does not file a brief within the time prescribed by Rule 2-12.7 or any extension thereof granted by the court as provided by Rule 2-12.8, a notice shall be transmitted by the clerk to counsel for the appellant, or to the appellant if not represented, that the appeal shall be dismissed 30 days thereafter unless a brief is filed in the meantime. If an appellant does not file a brief within 30 days after such notice is transmitted, the appeal shall be dismissed as abandoned. Provided, however, that irrespective of the time limit provided in Rule 2-12.7 for the appellee to file a brief, the appellee’s brief shall be filed within 20 days from the due date shown on the notice of abandonment.”

. La. Ch.C. art. 101 states:
The people of Louisiana recognize the family as the most fundamental unit of human society; that preserving families is essential to a free society; that the relationship between parent and child is preeminent in establishing and maintaining the well-being of the child; that parents have the responsibility for providing the basic necessities of life as well as love and affection to their children; that parents have the paramount right to raise their children in accordance with their own values and traditions; that parents should make the decisions regarding where and with whom the child shall reside, the educational, moral, ethical, and religious training of the child, the medical, psychiatric, surgical, and preventive health care of the child, and the discipline of the child; that children owe to their parents respect, obedience, and affection; that the role of the state in the family is limited and should only be asserted when there is a serious threat to the family, the parents, or the child; and that extraordinary procedures established by law are meant to be used only when required by necessity and then with due respect for the rights of the parents, the children, and the institution of the family.

. The transcript of the motion hearing also includes uncontroverted argument that the State was aware that the mother did not wish to pursue charges.